NATHAN v. STATE.

5054                                                361 S. W. 2d 637

Opinion delivered November 12, 1962

Charles Roscopf, David Solomon, Jr. and A. M. Coates, for appellant.

Frank Holt, Atty. General, by Jack Holt, Jr., Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. Appellant, Willie B. Nathan, Jr., was charged, by information, with the crime of raping Mrs. Virginia Jo Ringer. He was found guilty of assault with intent to rape and sentenced to twenty-one years in the state penitentiary.

The uncontradicted testimony of Mrs. Ringer was essentially as here set out. She, her husband, and two children (one three years old and one less than a year old) lived in a trailer (in a trailer camp) near Helena; On Saturday morning shortly after three o'clock a man (she thought to be a negro) came into the room where she was sleeping, placed his hand over her mouth, threatened to kill her if she made a noise, and forced her to have intercourse with him. On this night a young girl sixteen years old (named Mickey Yates) was sleeping in another room of the trailer with the two children. According to Mrs. Ringer's description of the man who attacked her he was young, colored, had a fuzzy face, and wore a dark shirt, resembling a T-shirt, but she could not later identify appellant as the man who assaulted her. After the man left she promptly told Mickey Yates about what had happened and notified the police. Her husband, as was his usual custom, had left the trailer about three o'clock a. m. to go to work.

Appellant took the stand and denied he was ever in that particular trailer or that he knew anything about the alleged assault. The State introduced in evidence a written statement, signed by appellant, in which he admitted he tried to have intercourse with Mrs. Ringer at the time and place before mentioned. A police officer testified that appellant made substantially the same admission to him the day before the written statement was signed. .

Appellant ably urges five separate grounds or points for a reversal. Since we have reached the conclusion that the case must be reversed on one point we deem it unnecessary to discuss fully the other points in which we find no reversible error.

1. If appellant's statement had been properly admitted in evidence under correct instructions, then there

would have been sufficient evidence to support the verdict of the jury.

2. The record shows that appellant's attorney objected to a certain statement alleged to have been made to the jury by the prosecuting attorney in his opening statement. The alleged statement was a reference to the fact that appellant had been subjected to a lie-detector test. Over appellant's objection the trial court refused to declare a mistrial. If any possible error is indicated above we think it was later waived by appellant when he testified concerning the same incident.

3. A confession signed by appellant was introduced in evidence. After the jury had retired for deliberation they asked to see the confession, and the request was granted by the court. Appellant contends it was reversible error for the court to give the jury the confession without, at the same time, giving them all exhibits which had been introduced in evidence. Supporting this contention appellant relies on Ark. Stats. § 43-2138 which reads:

"Upon retiring for deliberation, the jury *may* take with them all papers which have been received as evidence in the cause." (Emphasis added.)

This section of the statutes has never been construed in connection with the precise point here raised. It is our opinion, however, that the word "may" (in the statute) indicates the statute was intended to be permissive and not mandatory. In the absence of any request by appellant for the jury to receive the other exhibits, we hold the trial court had a right to give them the one they requested to see.

4. Appellant ably contends the trial court erred in admitting in evidence the oral and written statements referred to previously. This contention is based on appellant's testimony that the statements were made under coercion and threats, and in the presence of officers who did not warn him the statement could be used against him. The officers emphatically denied that any force was used or threats made, but it does appear from a careful

examination of the record that the oral admissions were made to the officers before appellant was advised of his legal rights. It further appears that these oral admissions were substantially the same as those in the written statement made later when appellant was properly advised of his legal rights. However, we are not basing a reversal on this point, and therefore refrain from any exhaustive discussion of it. By disposing of the point in this summary manner it is not to be inferred that we are necessarily giving our unqualified approval to the procedure followed by the officers in this instance.

5. After careful consideration we have reached the conclusion that it was reversible error for the trial court to refuse an instruction, requested by appellant, to the effect that a confession made by an accused in the presence of officers is presumed to be involuntary. The pertinent part of the requested instruction reads as follows:

"The presumption of the law is that any confession made by a defendant, when he is in custody of officers, whether these officers be the sheriff, detectives, policemen, the prosecuting attorney, or any other officer, is involuntary and incompetent and cannot be considered by you.

"The effect of that presumption is to cast the burden of proof upon the state to prove by a preponderance of the testimony that the confession was voluntary. They must overcome this presumption of law to your satisfaction and show that the confession was voluntary.

"If you find that the defendant, during the time of his custody, was under the influence of officers at any time such would make any statement or confession involuntary, the law presumes that this influence continues and makes all other statements or confessions made by him thereafter incompetent until the state shows by a preponderance of the testimony, that this influence has been removed."

We find it necessary to consider the issue here raised from two viewpoints: (a) Is appellant's *statement* to be

treated as a *confession;* and, if so, (b) should the instruction have been given?

(a). The reason given by the trial court for refusing to give the instruction was: ". . . in this case that this is not a confession, but is simply a statement containing an admission against interest . . ." The court's statement is based of course on the fact that appellant did not admit he committed rape (or an attempt to rape) on Mrs. Ringer, but that what he did was with her consent. It must be admitted however that, from a practical standpoint and under the facts and circumstances of this particular case, such an admission almost amounted to a confession of guilt. In any event we hold that the same rules governing admissibility apply in both instances here. In the case of *Bram* v. *United States,* 168 U. S. 532, 18 S. Ct. 183, 42 L. Ed. 568, a similar issue was under consideration. The essence of the court's holding in that case is revealed by its statement found at page 541 of the U. S. Reports:

"Having been offered as a confession and being admissible only because of that fact, a consideration of the measure of proof which resulted from it does not arise in determining its admissibility. If found to have been illegally admitted, reversible error will result, since the prosecution cannot on the one hand offer evidence to prove guilt, and which by the very offer is vouched for as tending to that end, and on the other hand for the purpose of avoiding the consequences of the error, caused by its wrongful admission, be heard to assert that the matter offered as a confession was not prejudicial because it did not tend to prove guilt. The principle on the subject is thus stated in a note to section 219 of Greenleaf on Evidence: 'The rule excludes not only direct confessions, but any other declaration tending to implicate the prisoner in the crime charged, even though, in terms, it is an accusation of another, or a refusal to confess.' "

To the same effect is the decision in *Calvin Cofield* v. *State* (Ala. 1962), 136 So. 2d 897. On page 901 there appears this statement:

"[3] In Alabama, inculpatory admissions in the nature of a confession—that is, directly relating to the fact or circumstances of the crime, and connecting the defendant therewith—are subject to the same rules of admissibility as direct confessions and are admissible only after a predicate of voluntariness is established. *Baker* v. *State,* 35 Ala. App. 596, 51 So. 2d 376."

See also *Davis* v. *State,* 182 Ark. 123, 30 S. W. 2d 830.

(b). Treating the introduction of the admission in the same way we would treat the introduction of a confession, we are driven to the conclusion that appellant's rights were not fully protected in the absence of the requested instruction, and it is clear from the record that such rights were not protected by any other instructions.

This Court has repeatedly approved an instruction to the effect that a confession in the presence of officers is presumed to be involuntary. See: *Monts* v. *State,* (September 18, 1961) 233 Ark. 816, 349 S. W. 2d 350. In that case we approved an instruction almost identical to the one here requested. See also *Charles* v. *State,* 198 Ark. 1154, 133 S. W. 2d 26. Not only was it proper for the court to tell the jury the confession was presumed to be involuntary, but also it was proper to tell the jury the burden was on the State to overcome that presumption by a preponderance of the evidence. We so held in the *Monts* case, *supra.* Not only was it proper for the trial court to so instruct the jury but we think he was required to do so. In *Forester* v. *State,* 224 Ark. 194, 272 S. W. 2d 320, there is this statement:

"Each of said requested instructions was in conflict with Instruction No. 12 given by the court which correctly required the state to prove the voluntary character of the confession by a preponderance of the evidence."

The State concedes that any confession made in the presence of officers is presumed by law to be involuntary.

In view of the above, and under the peculiar facts of this case, we must conclude that the court should have given the requested instruction.

It is noted that if the instruction requested by appellant had been combined with other conflicting or improper instructions the trial court could have properly refused to give it under the holding in the *Forester* case, *supra*. However, we find this was not the situation here. As a matter of fact, after the court's refusal to give the aforementioned instruction the court refused appellant's request for a specific instruction "to the effect that these statements are presumed to be involuntary".

Again, we recognize that it is not error in every instance for the court to refuse to inform the jury of a legal presumption where evidence is introduced to overcome it. However, if that rule is applicable here it does not afford a justification of the court's refusal to give the instruction requested by appellant which also dealt with the burden and quantum of proof imposed on the State.

Reversed.