## Lloyd HOLCOMB *v.* STATE of Arkansas

CR 80-11 594 S.W. 2d 22
Supreme Court of Arkansas
Opinion delivered February 25, 1980

*R. A. Schneider,* for appellant.

*Steve Clark,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Lloyd Holcomb was convicted of rape in Garland County and sentenced to five years imprisonment. On appeal he contends that the results of his polygraph examination should have been suppressed despite his stipulation to the contrary, that he should have been allowed to cross-examine the polygraph examiner more fully, and that it was error to refuse his proffered instruction concerning expert testimony. We agree with appellant's first point and, accordingly, reverse the conviction.

On May 1, 1979, appellant went to trial on charges of rape and deviate sexual activity by forcible compulsion, wherein he asserted the defense of consent. Prior to his trial, appellant and his counsel entered into a written agreement with the prosecuting attorney which provided that both the appellant and the prosecutrix would submit to polygraph examinations, the results of which would be admissible at trial. The portion of the stipulation most pertinent to this appeal reads as follows:

. . . that said defendant and Carolyn Sue Magby shall submit to a polygraph examination to be conducted by officers and employees of the Arkansas State Police, who both parties admit have qualified polygraph examiners. The parties also agree that the results of the examinations, including the questions, answers, recordings, reactions, opinions of the examiner, and anything else pertaining to the examinations, shall, subject to proper exercise of discretion by the trial court, be admissible as substantive and/or impeachment evidence on behalf of either party at the trial of the defendant. . . .

The polygraph tests were conducted by Mr. Barney Phillips, an employee of the Arkansas State Police, on April 2, 1979, at the State Police Headquarters in Little Rock. Following the examination, but before trial, appellant withdrew his consent to the stipulation and filed a motion to suppress the results of the polygraph examination. The court overruled the motion and held that the appellant was bound by the stipulation. The examiner testified at trial that the prosecutrix was "substantially telling the truth," while appellant was "not telling the complete truth" during his examination. The reports and opinions of the examiner were received into evidence over appellant's renewed objection. Aside from the polygraph evidence, the jury was presented with only the conflicting testimony of the prosecutrix and appellant as direct evidence as to what transpired in the Holcomb home on August 21, 1978. The jury found appellant guilty of rape, but not guilty of deviate sexual activity. Following the recommendation of the jury, the trial court sentenced appellant to five years imprisonment. For reversal, appellant alleges three points of error.

Appellant's first point for reversal is that the trial court erred in overruling appellant's motion to suppress the introduction of the results of the polygraph examination. The results of polygraph examinations have been offered into evidence in only three cases that have reached this court. In *Lang* v. *State,* 258 Ark. 504, 527 S.W. 2d 900 (1975) and *Foots* v. *State,* 258 Ark. 507, 528 S.W. 2d 135 (1975), stipulations were entered into in criminal cases for the defendant to voluntarily submit to a polygraph examination and for those test

results to be admitted at the trial. In both instances, polygraph examination results administered *prior* to the stipulations were offered, and in both instances this court held them inadmissible as they did not conform to the terms of the stipulation. In the *Foots* case, the testimony of a second examiner was refused by the trial court in that he was not a licensed examiner, and in the opinion of the trial court was not qualified as an expert witness. This court found that the trial court's discretion was not abused. The last case submitted to this court concerning polygraph tests was *State* v. *Bullock,* 262 Ark. 394, 557 S.W. 2d 193 (1977), where we reversed the trial court and held that the test results should have been excluded as there was no valid stipulation for their admission.

We do not agree that an accused can enter into a valid written stipulation for the introduction of polygraph examination results at a trial and then renege on the stipulation when he learns the results are unfavorable. However, the stipulation of appellant in this case admitted that the state police had qualified examiners, but did not admit that Barney Phillips was a qualified polygraph examiner. It was admitted by Barney Phillips that he was not licensed by the state pursuant to the Polygraph Examiner's Act adopted in 1967 by the Arkansas General Assembly, which provides, in part, in Ark. Stat. Ann. § 71-2206 (Repl. 1979):

> It shall be unlawful for any person, including a city, county or state employee, to administer polygraph examinations or attempt to hold himself out as a polygraph examiner without a license approved by the board and issued by the board.

The terms of the stipulation entered into by appellant clearly imply that he intended the operator to be legally qualified. Since Barney Phillips was not licensed pursuant to the Polygraph Examiner's Act and it would be unlawful to hold himself out as such, we felt the results of his examination were not contemplated by the stipulation. Although the provisions of Ark. Stat. Ann. § 42-901 (Repl. 1977), adopted by the Arkansas General Assembly in 1975, precluded Barney Phillips from committing a misdeamor by the giving of

the polygraph examination to the appellant, that statute did not make him a qualified examiner. That statute provides:

Notwithstanding the provisions of Act 413 of 1967 all law enforcement agencies in this State are hereby authorized to use a Psychological Stress Evaluation instrument to test or question individuals for the purpose of determining and verifying the truth of statements.

The trial court erred in admitting the testimony of Barney Phillips over appellant's objection, inasmuch as Barney Phillips was not a qualified polygraph examiner as contemplated by appellant's stipulation.

Appellant's second point for reversal is that the court erred in restricting the cross-examination of the polygraph examiner, and his third point for reversal is that the trial court erred in refusing the jury instruction concerning expert testimony. Our decision to suppress on retrial the testimony of Barney Phillips, the polygraph examiner, makes it unnecessary to decide appellant's second and third points for reversal.

Reversed and remanded.