## Barbara COLLINS *v.* STATE of Arkansas

CR 82-43                                         632 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered May 10, 1982

*James M. Barker* and *Robert F. Morehead,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Barbara Collins was charged with first-degree murder, found guilty of second-degree murder, and sentenced to 20 years' imprisonment. Apart from objections to an autopsy report, which we find to be without merit, the only argument for reversal is that the trial court abused its discretion in refusing to grant a continuance on the day of trial. That contention must be sustained.

We recognize at the outset our familiar rules that the

granting of a continuance rests in the sound discretion of the trial court and that a defendant cannot be permitted to use a change of lawyers as a device to delay a scheduled trial. In harmony with those principles the real issue is whether, as the defendant contends, she was the victim of an unfortunate misunderstanding shared by the trial judge, the prosecutor, and the two defense lawyers or, as the State contends, she attempted to switch counsel as a ruse to obtain a continuance.

After the defendant was charged in Chicot County with murder, she was continuously confined to jail there until the trial. She first employed James M. Barker, an Ashley County lawyer. He interviewed her and filed motions, but he did not begin to prepare for trial by talking to witnesses. On March 30, 1981, the court entered an order setting the case for trial on Thursday, May 14.

Sometime in April the defendant's mother talked to Robert F. Morehead, a Jefferson County lawyer, about taking over the defense. Morehead consulted the defendant in Chicot County on April 24, but told her he could not enter the case until her retained counsel had been relieved. The defendant dismissed Barker by a letter received by him on April 27. On May 4 the court granted Barker's motion to be relieved as counsel, the court's order containing this language:

> [I]t is found that the granting of [Barker's] request will not unduly burden, delay or hinder the operations of this court. Further, that the request is timely, and should be granted, with a provision that [Barker] deliver to the Defendant's new Attorney [all discovery items delivered to Barker].

It is indicated that both the prosecutor and the trial judge intended the order to be conditioned on the new attorney's being ready to try the case on May 14 as scheduled, but unfortunately that condition was not expressed in the order and was not brought home to either defense lawyer.

Barker, having been relieved by the May 4 order, sent a

copy of it to the defendant on May 5 and cautioned her: "There is a lot of discovery in this case and you need for you or your new attorney to notify me as soon as possible regarding this discovery." On May 6 or 7 the jailer in Chicot County called Morehead's office and left word for him to call the defendant collect. Morehead had a two-day trial in progress on the 6th and 7th, but he called the jailer and said that he had another matter in Ashley County on Friday, May 8, and would see the judge and the prosecutor then. He did see the prosecutor and the judge on Friday. He explained at least to the prosecutor that he already had a schedule and could not try the case on May 14, only six days away. At that point the matter was left unresolved.

On Monday, May 11, the court entered an order reciting that Barker had been relieved on May 4, reciting that no substitute counsel had entered an appearance for the defendant, noting that the case was set for trial on May 14, setting aside the order relieving Barker, and directing that he continue to represent the defendant. The judge called Barker at 4:30 p.m. and read him the order, which was also served on him by the sheriff a few minutes later. Barker had a trial in chancery court the next morning. Thus Barker, practicing in an adjoining county, was brought back into the case without prior notice and in effect was given a day and a half to prepare to try a first-degree murder case.

On Thursday, the day of trial, the defendant moved for a continuance. At a long hearing Barker and Morehead testified to the facts we have narrated. They also stated they had not interviewed the witnesses and they had not subpoena'd any witnesses. The trial judge overruled the motion for a continuance and proceeded with the trial. He explained that he had a responsibility to move the business of the court and could not allow litigants to determine when they desired a trial. The jury returned a finding of second-degree murder, with a 20-year sentence.

We hold that the trial judge abused his broad discretion in refusing a continuance. We are convinced that the difficulty would not have arisen if the order relieving Barker had been conditioned, as the trial judge undoubtedly

intended it to be, upon Morehead's being ready for trial on May 14. However, it was not so conditioned. Moreover, there is no indication that the defendant herself, who was in jail and had little to gain by delay, changed lawyers in an effort to force a continuance. (The State erroneously attributes to the witness Scales a statement, as worded in the State's abstract, that "Barbara [the defendant] told me she wanted to hire Mr. Morehead to get Morehead to get her a continuance." Actually the witness was referring not to Barbara but to her mother, nor was the statement as positive as the quoted paraphrase indicates.) As for the attorneys, we have set out their activities in almost a day-to-day sequence from May 4 to May 14 and find no real indication of any effort on their part to play for delay.

Error is presumed to be prejudicial unless we can say with assurance that it is not. Both attorneys were, without question, not prepared for the trial. No witnesses had been interviewed. The trial resulted in a 20-year sentence. Since counsel had scant opportunity to interview possible defense witnesses, we cannot fairly require counsel to demonstrate specific prejudice by showing just what the defense would have been if a continuance had been granted. The error cannot be dismissed as harmless.

Reversed and remanded for a new trial.

ADKISSON, C.J., and HICKMAN, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The trial court properly refused appellant's request for a continuance, first requested on the day of the trial.

The party alleging error is required to demonstrate that prejudice did in fact exist. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977); *Renton* v. *State*, 274 Ark. 87, 622 S.W.2d 171 (1981).

Appellant claims that she did not have an opportunity to interview her witnesses before trial. But, even so, during the trial or after the trial she would have been in a position to know what prejudice, if any, resulted from the trial court's

refusal to grant the requested continuance. The trial court's refusal to grant a continuance is proper grounds for a motion for a new trial. *Finch* v. *State, supra.*

It is significant to note that it was the appellant herself who created the alleged error by discharging her attorney. The court relieved Mr. Barker on the condition that it would not cause a delay in the trial of the case. It is noteworthy that both attorneys are representing appellant on appeal. Both agree the trial judge erred by not gleaning prejudicial error from the actions of the defendant and her attorney.

Error should not be presumed. Neither the trial court nor this court has any reason to believe that upon retrial the evidence will not be exactly the same as it was in the first trial. Net result: a reversal for no reason; a waste of judicial manpower; a delay in the administration of justice.

I am hereby authorized to state that HICKMAN, J., joins in this dissent.