Larry Donnell WASHINGTON *v.* STATE of Arkansas

CR 82-3                                              633 S.W.2d 24

Supreme Court of Arkansas
Opinion delivered May 17, 1982

*Richard W. Byrd,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. This appeal is from a conviction of murder in the first degree. The jury rejected appellant's plea of insanity and sentenced him to life in prison. For reversal, he argues the trial court should have declared a mistrial or directed a continuance because he was deprived of the opportunity to cross-examine the examining psychiatrist at the Arkansas State Hospital and because he was not furnished a copy of the admission diagnosis, both in violation of the court's discovery order. The arguments cannot be sustained.

Appellant was accused of the deliberate homicide of his former girl friend on October 16, 1980, by shooting her with a .22-caliber rifle. He raised the defense of mental disease or defect and was committed to the Arkansas State Hospital for examination and observation. The examining psychiatrists were instructed to file their report with the trial court with copies to defense counsel and the prosecuting attorney. Appellant filed a motion for discovery to inspect the results of any physical or mental examinations, any opinions concerning his mental condition, and all records of examination and observation made pursuant to the discovery order. Appellant was furnished a written report from the State Hospital stating that on the date of the offense he was able to appreciate the criminality of his conduct and to conform to the requirements of the law and had the capacity to assist in his own defense. The letter was signed by Dr. A. F. Rosendale as Examining Psychiatrist and by Dr. Robert B. Sheldon as Director of Forensic Psychiatry Services.

During Dr. Rosendale's testimony, it developed that the report was incorrect in that Dr. Rosendale was Director of Forensic Psychiatry Services and Dr. Sheldon the Examining Psychiatrist, but each had signed the report, in the form of a letter to the trial judge, in the wrong place. Dr. Rosendale said Dr. Sheldon was no longer at the hospital and explained the procedures of the Forensic Psychiatry Services in examining and evaluating persons accused of crime: after the examining psychiatrist had arrived at an opinion the case was reviewed by another psychiatrist, a psychologist, and a social worker and a joint opinion rendered; that appellant's admission diagnosis was "A-

typical psychosis"; that the opinion appellant was without psychosis was unanimous; that Dr. Rosendale was present at the review and approved the opinion.

Appellant contends on appeal he should have been furnished a copy of the admission diagnosis as provided in the trial court's order on discovery, and because the State Hospital report erroneously reflected Dr. Rosendale as Examining Psychiatrist rather than Dr. Sheldon, he was denied the opportunity to cross-examine Dr. Sheldon and hence, effectively deprived of the benefits of discovery intended by A.R.Cr.P. Rule 17. But neither of the arguments was presented to the trial court by motion or objection, and we have held too often for any doubt to exist that in order for questions of error to be considered on appeal, they must have been raised before the trial court by timely and proper objection. *Moore* v. *State,* 270 Ark. 592, 605 S.W.2d 445 (1980); *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980); *Allen* v. *Rankin,* 269 Ark. 517, 602 S.W.2d 673 (1980).

Appellant claims these errors are so fundamental he was denied a fair trial and notwithstanding the absence of an objection the court should have declared a mistrial or directed a continuance on its own. We disagree. There is nothing to suggest appellant would have benefited by the availability of Dr. Sheldon, as the staff diagnosis was unanimous that appellant was without psychosis. As to whether appellant was given a copy of the admission diagnosis, this, too, fails to demonstrate fundamental error. The record does not show the admission diagnosis was *not* furnished, other than by implication in a question posed by defense counsel to Dr. Rosendale asking why a copy had not been given the defense. But in a subsequent dialogue, the prosecuting attorney stated categorically he had given the admission diagnosis to the defense on April 21, 1981, and this direct assertion was never challenged by defense counsel. We take this silence to indicate he received it.

We find no reversible error and, accordingly, the judgment is affirmed.