James WILSON *v.* STATE of Arkansas

CR 82-32                                    639 S.W.2d 45

Supreme Court of Arkansas
Opinion delivered September 20, 1982

Appellant *pro se* and *C. B. Barksdale,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

PER CURIAM. Appellant James Wilson was convicted by a jury of (1) two counts of theft by deception, Ark. Stat. Ann. § 41-2203 (1) (b) (Repl. 1979); (2) one count of theft of property, Ark. Stat. Ann. § 41-2203 (2) (b) (i) (Repl. 1979); and (3) escape in the second degree, Ark. Stat. Ann. § 41-2811 (Repl. 1979). He was sentenced as a habitual offender with four or more prior felony convictions to a total of thirty-five years imprisonment in the Arkansas Department of Correction. A fine of $1,000 was also assessed. The prison term was ordered served consecutively to a term the appellant was already serving. It is from these convictions that appellant brings this appeal.

Appellant's motion to proceed pro se at trial was granted. An attorney, C. B. Barksdale, was appointed co-counsel to advise him during trial. Appellant's request to proceed pro se on appeal was denied, but he was allowed to file a brief, an amended brief and a reply brief. Appellate counsel Barksdale filed a motion to be relieved as counsel pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), and a brief stating there is no merit to the appeal. The State concurs that the appeal has no merit.

The theft by deception charges against appellant Wil-

son grew out of evidence of a deal he made with Clifford Dockins to sell Dockins, a sawmill owner, timber. The timber was to be cut from two parcels of land which appellant claimed to have either leased or purchased. After Dockins paid for the timber, he learned that appellant had not fulfilled his rights under the lease agreement on one piece of property and had never acquired the timber rights. It appears that he had no interest at all in the other parcel. When Dockins demanded his money back, appellant gave him two checks, one for $15,000 and one for $100. There were no funds on deposit to cover the checks.

The theft of property and escape charges arose after appellant fled the Izard County Jail, taking a portable radio valued at approximately $900.

In accordance with Supreme Court Rule 11 (h) appellant's appointed counsel has raised several points for possible reversal. Appellant's lengthy pro se brief raises a number of issues in addition to those argued by counsel, but many of those issues, including appellant's claim that he was not guilty by reason of insanity, were not raised at trial and will not therefore be considered by this Court for the first time on appeal. See *Washington* v. *State*, 276 Ark. 140, 633 S.W.2d 24 (1982); *Rode* v. *State*, 274 Ark. 410, 625 S.W.2d 469 (1981); *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Appellant made a pretrial motion to dismiss all charges against him. Appellant claimed that it would be a violation of the constitutional provisions against double jeopardy for him to be tried because he was not delivered from the federal penitentiary to the county authorities within ten days after the extradition order was issued. This appears unsupported by the record. The trial court correctly ruled that appellant's argument did not merit dismissal of the charges.

Appellant also argued that the theft of property charge should be dismissed for insufficient evidence. Appellant apparently believed that he could not be tried for stealing the police radio since the radio was never recovered. Sufficient evidence to support a charge of theft may exist even though the stolen object cannot be produced at trial. *Redman* v.

*State,* 265 Ark. 774, 580 S.W.2d 945 (1979). Since there was evidence to support the charge against appellant, we find no abuse of that discretion here.

Appellant asked the court to order polygraph examinations for him and Clifford Dockins. There is no constitutional right to a polygraph test. Results of polygraph examinations are not admissible unless both parties enter into a written stipulation agreeing that the results will be admissible. *State* v. *Bullock,* 262 Ark. 394, 557 S.W.2d 193 (1977). The State declined to enter into such a stipulation, and it was not error for the court to deny appellant's request.

After appellant was taken into custody, he gave a statement which the county sheriff reduced to writing. The statement was not signed by the appellant. At trial the State sought to have the sheriff testify as to the contents of the statement over the appellant's objection. At a hearing on whether the sheriff's testimony was admissible, the appellant testified that he had been given his Miranda rights and that he spoke voluntarily. The court ruled that the statement would not be introduced but the sheriff could use it to refresh his memory. Appellant apparently acquiesced to the ruling as he stated, "That's good enough." Even if he had not agreed, however, Rule 612 of the Uniform Rules of Evidence, Ark. Stat. Ann. Vol. 3A (Repl. 1979), provides that a witness may use a writing to refresh his memory.

Without giving a reason for the request, appellant asked that a prosecution witness be allowed to remain in the courtroom during trial. The State objected. Both sides had requested the exclusion of witnesses pursuant to Rule 615 of the Uniform Rules of Evidence, Ark. Stat. Ann. Vol. 3A (Repl. 1979). The trial court therefore was correct in denying the appellant's motion.

The prosecution amended the information to allege six or more prior felony convictions. Appellant moved for a mistrial on the ground that the court had granted a one-day continuance giving the State an opportunity to amend the information. The granting of a continuance is in the sound discretion of the trial court. *Collins* v. *State,* 276 Ark. 62, 632

S.W.2d 418 (1982). There is nothing in the record to indicate that the court erred in allowing the continuance. The fact that the information was amended during that time does not show that appellant was treated unfairly. It is well settled that the information may be amended during trial as long as the nature or degree of the crime charged is not changed. *Jones v. State*, 275 Ark. 12, 627 S.W.2d 6 (1982).

The papers which appellant left behind when he escaped from the Izard County jail were turned over to a federal marshal. The marshal delivered one of the papers, a note written by appellant stating the reason for his escape, to the state crime laboratory for analysis of the handwriting. Appellant objected to the introduction of the note into evidence on the ground that the chain of custody had not been established. The purpose of establishing the chain of custody is to prevent the introduction of evidence which is not authentic. *Fight v. State*, 254 Ark. 927, 497 S.W.2d 262 (1973). To prove authenticity, the State must demonstrate a reasonable probability that the evidence has not been altered in any significant manner. *Baughman v. State*, 265 Ark. 869, 582 S.W.2d 4 (1979). The chain of custody here was established sufficiently through the testimony of the witnesses who traced the note from the county jail to its introduction at trial.

At the close of the prosecution's case and in his pro se brief, the appellant challenged the sufficiency of the evidence against him. On appeal this Court views the evidence in the light most favorable to the appellee and affirms if there is any substantial evidence to support the conviction. Substantial evidence is that which is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones v. State*, 269 Ark. 119, 598 S.W.2d 748 (1980). The fact some evidence may be circumstantial does not render it insubstantial — the law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact may be inferred. *Williams v. State*, 258 Ark. 207, 523 S.W.2d 377 (1975).

Witnesses established that appellant held himself out to Clifford Dockins as the owner or lessee of timber land. There was testimony that appellant did not in fact have the right to sell the timber and that he gave Dockins two worthless checks when Dockins demanded reimbursement. Appellant also admitted signing the checks. Ark. Stat. Ann. § 41-2203 (1) (b) (Repl. 1979), provides that a person commits theft of property if he "knowingly obtains the property of another person by deception or by threat, with the purpose of depriving the owner thereof." The offense is a class B felony if the value of the property is $2,500 or more. It is a class C felony if the value is less than $2,500 but more than $100. The evidence indicated that Dockins paid appellant a total of $15,100 for the timber. It is unclear which parcel of land the $100 check was paid on, but it is apparently the basis of the class C misdemeanor charge. Since Dockins appears to have received $1,200 to $1,400 from the timber from one parcel of land, he was apparently deprived of nearly $14,000. The amount, which exceeds the statutory figure of $2,500, and the testimony regarding appellant's actions are clearly sufficient to support the class B felony charge. The court offered to dismiss the misdemeanor charge but appellant specifically requested that the charge go to the jury. Under these circumstances, he cannot now complain that the charge should have been dismissed.

We also find sufficient evidence to support appellant's conviction for escape and theft of the radio. Deputy Sheriff Moser testified that appellant persuaded him to leave his door unlocked so that he could escape. Sheriff Yancey also testified that appellant left the jail after locking Moser in the cell. The Sheriff further testified that the radio was discovered missing after the escape and that appellant offered to return the radio if the charges against him were dropped. A prisoner in the county jail testified that he saw the radio in appellant's pocket on the night he escaped.

Appellant argues in his brief that the witnesses told conflicting stories and cannot be believed, but the credibility of the witnesses and the resolution of conflicts in testimony are matters for the jury. *Stout* v. *State,* 263 Ark. 355, 565 S.W.2d 23 (1978).

In his brief appellant seeks to introduce evidence not presented to the trial court regarding a checking account at the Bank of Salem. He also asserts that various county officials offered to accept bribes and bargained for testimony favorable to the prosecution. The appellant had ample opportunity to raise these issues at trial and to offer whatever proof he had to support them. He cannot raise new evidence nor new issues on appeal. *Washington,* supra.

Portions of appellant's brief are not intelligible, but he appears to allege that he was prejudiced because the jury knew he had a criminal record. If so, he invited the prejudice by enumerating his past convictions during voir dire of the prospective jury. A conviction cannot be reversed for prejudice invited by the appellant. *Strode* v. *State,* 259 Ark. 859, 537 S.W.2d 162 (1976).

Appellant next asserts that the trial court gave no jury instructions, or in the alternative, gave inadequate jury instructions. The record shows that the court instructed the jury in both the guilt and sentencing phases. Appellant neither requested any instructions nor objected to those given. He cannot therefore raise the issue on appeal. *Eskew & Bolton* v. *State,* 273 Ark. 490, 621 S.W.2d 220 (1981).

Several witnesses testified for the defense, but appellant states that he wished to call others which were not subpoenaed or which were prematurely dismissed. He also contends that the trial court hurried the defense so that witnesses could not be questioned thoroughly. In light of the trial court's marked patience with appellant, we find the allegations frivolous. Several times the court took steps to see that appellant had full opportunity to subpoena and question witnesses. He does not specify the names of the witnesses he wished to call, but the record shows that appellant himself declined to call certain witnesses when the trial court offered to see that they appeared.

The trial court denied appellant's motion to have the jury view the jail from which he escaped. Absent an abuse of judicial discretion, which we do not find in this case, a court's decision to deny a motion to view the crime scene is

not grounds for reversal of a conviction. *Lee* v. *State*, 229 Ark. 354, 315 S.W.2d 916 (1958), *cert. denied*, 359 U.S. 930, 79 S.Ct. 616, 3 L.Ed.2d 633 (1959).

Appellant argues that the trial court failed to send evidence into the jury room. Appellant did not request that the jury receive certain exhibits, however, and the court was not required to place the exhibits in the jury room. See *Nathan* v. *State*, 235 Ark. 704, 361 S.W.2d 637 (1962).

Finally, appellant seeks to raise ineffective assistance of co-counsel Barksdale as an issue on appeal, but ineffective assistance of counsel cannot be raised for the first time on direct appeal. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981). He also asserts that he, himself, should never have been permitted to handle his defense at trial. However, he demanded the right to do so. The trial judge questioned him at length about his competence to act as his own attorney. Appellant repeatedly assured the court that he had the knowledge to defend himself and a strong desire to try the case. In light of appellant's insistence that he be allowed to act as his counsel and the fact that an appointed attorney acted as legal advisor, we cannot say that the trial court erred in allowing appellant to proceed pro se.

From a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.