Gary Wayne WHITESIDE *v.*
STATE of Arkansas

CA CR 84-84                               675 S.W.2d 645

Court of Appeals of Arkansas
Division I
Opinion delivered September 26, 1984

*Brown & Kesl, P. A.,* by: *Navada C. Brown,* for appellant.

*Steve Clark,* Att'y Gen., by: *Leslie M. Powell,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant, Gary Whiteside, was convicted by jury of the rape of a seventy-seven-year-old woman and of the burglary of her home. For his crimes, appellant was sentenced to twenty years' imprisonment. Appellant raises one issue on appeal: Must a stipulation to admit into evidence the results of a polygraph examination be in writing?

Three days prior to his trial, appellant requested the prosecutor and the trial court to permit him to take a polygraph examination to prove that he did not commit the rape or the burglary. The agreement, made in the presence of the trial judge, was not on the record and was never placed in writing. Appellant's counsel warned him

of the consequences of taking the test—particularly that the results of the examination would be admissible into evidence. After advice from counsel, appellant insisted on taking the examination, which he subsequently failed. At trial, appellant moved to exclude the results of his polygraph examination because the stipulation to take it was not in writing. Appellant admitted to the trial court during a hearing on his motion to exclude that he had said, "I want to take the lie detector test, and I'll go by whatever it says." He also stated that if the examination had shown he was telling the truth when he denied committing the crimes, he would have placed these results into evidence.

Appellant relies primarily on *State* v. *Bullock,* 262 Ark. 394, 557 S.W.2d 193 (1977), which holds that the defendant and the prosecuting attorney must enter into an adequate stipulation whereby they agree that the results of a defendant's polygraph examination are admissible into evidence. In *Bullock,* the defendant passed a polygraph test and tried to introduce the results into evidence. The trial court refused to admit the test results, and the Supreme Court upheld the decision because the trial record disclosed that there was a misunderstanding concerning the terms of the agreement and, in fact, a dispute existed whether any agreement was reached at all. The Court stated that the misunderstanding arose because the defendant's attorney had failed to fully explain the situation to his client. In discussing the adequacy of such stipulations, the Court cited *State* v. *Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962). That case held that the results of polygraph examination are admissible into evidence in Arizona under certain qualifications, one of which is that the prosecuting attorney, defendant and his counsel all sign a written stipulation providing for the admission into evidence of the polygraph results. Although our Supreme Court in *Bullock* did not expressly hold that stipulations to enter the results of polygraph examinations into evidence must be in writing, the Court did express such a ruling in the subsequent case of *Wilson* v. *State,* 277 Ark. 43, 639 S.W.2d 45 (1982). Specifically, the Court in *Wilson,* citing *Bullock,* stated that the results of

polygraph examinations are not admissible unless both parties enter into a written stipulation agreeing that the results will be admissible.[1]

Even though the Supreme Court in *Wilson* seems to interpret *Bullock* to require a written stipulation before polygraph exams can be introduced, we do not agree that either of those cases precludes the admission into evidence of such an examination under the facts of this case. Here, unlike in *Bullock,* appellant has never questioned the existence of his stipulation or its terms. The record clearly shows that appellant knew his polygraph examination, despite its results, would be admissible into evidence and that he deliberated with counsel before making his decision. Under these circumstances, we uphold the admission of the polygraph examination into evidence despite the lack of a written stipulation to that effect.

One other jurisdiction has confronted this issue. In the case of *State* v. *Streich*, 87 Wis.2d 209, 274 N.W.2d 635 (1979), the Supreme Court of Wisconsin stated that an oral stipulation could not satisfy its case law requirement of a written stipulation for the admission of polygraph results; however, the Court refused to reverse the defendant's conviction because the record showed there that appellant knew the results of the test would be used as evidence at trial. In the instant case, the record clearly shows that the appellant did know that the results of his polygraph examination would be used at his trial and that there was no misunderstanding on this point between the parties. In fact, appellant candidly admitted that if the results of the polygraph examination had been favorable, he would have introduced them into evidence. We have not discovered any case (and appellant cites none) in which a conviction was reversed *solely* because the parties did not follow the proper procedure in having a written stipulation to the admission of polygraph results. We would be

---

[1]In *Holcombe* v. *State,* 268 Ark. 138, 594 S.W.2d 22 (1980), a case involving a written stipulation, the Court cited *Bullock* for the rule that polygraph test results should be excluded from evidence unless there is a *valid* stipulation for their admission.

placing form over substance if the *only* reason we reversed this case was that the parties failed to reduce their agreement to writing. Accordingly, we affirm.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.