Carolyn Jean MURDOCK *v.* STATE of Arkansas

CA CR 86-15                                    712 S.W.2d 321

Court of Appeals of Arkansas
En Banc
Opinion delivered July 9, 1986

*Grant & Berry*, by: *Sandra T. Berry*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Carolyn Jean Murdock, was charged in Pulaski County on February 11, 1985, with theft by receiving, and on May 15, 1985, with theft of property.

The last charge also alleged that previously she had been convicted of more than one but less than four felonies and that her sentence should be enhanced under Ark. Stat. Ann. § 41-1001 (Supp. 1985). From the transcript of proceedings that occurred in open court and the documents in the record on appeal, we are informed of the facts set out in this opinion.

On June 25, 1985, the appellant appeared in court with her retained attorney, John Achor, and entered a plea of not guilty; she also waived trial by jury, and a trial was set for September 23, 1985. This trial date was passed at her attorney's request and, on his statement that a plea of guilty would be made, the case was set for October 17, 1985. However, when appellant again requested a trial by the court, the case was reset for October 28, 1985.

On October 28, 1985, the appellant and Mr. Achor appeared in court. Earlier that morning, Mr. Achor had advised the court that the appellant had dismissed him as her attorney, and when this case was called, the appellant told the court she had employed Larry Carpenter to represent her, but she said he was unable to be there that day. The judge excused Mr. Achor, told the appellant she was going to trial, and suggested that she call Mr. Carpenter while the court was taking care of some other business. Later, the judge advised the appellant that Mr. Carpenter had sent word that he did not represent her. The judge told her that she would have to go to trial anyway, but took a recess for lunch and told appellant she could use that time to get a lawyer to represent her. Mr. Achor was still in the courtroom and was again told he was excused; however, the judge said whether he represented the appellant or not was up to her.

After lunch, the case proceeded to trial over the appellant's objection to being tried without an attorney and over her request for time to obtain one. She was found guilty on both charges, but the court reduced the theft by receiving charge to a misdemeanor. Appellant was sentenced to one year in the county jail and ten years in the Arkansas Department of Correction. On appeal, the appellant argues, by counsel, that she was denied the right to have an attorney at trial in violation of the sixth and fourteenth amendments to the United States Constitution.

Appellant concedes that the granting of a continuance lies within the sound discretion of the trial court and that we will

not reverse the trial court's decision absent a clear abuse of discretion amounting to a denial of justice. *Russell* v. *State* 262 Ark. 447, 559 S.W.2d 7 (1977); *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986). It is argued, however, that the trial court abused its discretion in this case by excusing appellant's attorney of record and forcing her to trial without counsel and without giving her time to obtain one. In support of her argument appellant relies on the recent Arkansas Supreme Court case of *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986).

In that case, Charles Philyaw was charged with attempted capital murder. His attorney of record, Gene Harrelson, had recently represented him in a robbery trial. On the date of his trial for attempted murder, appellant consented to Harrelson's withdrawal. However, on appeal, he argued that Harrelson had actually resigned because appellant would not accept an arranged plea bargain and because Harrelson had not been paid. The trial judge allowed Harrelson to withdraw and, although Philyaw requested counsel several times, the judge refused to appoint one because he believed the request was simply an attempt to delay the trial.

The Arkansas Supreme Court did not think the record supported the trial court's conclusion. The appellate court noted that Philyaw was not provided with an affidavit of indigency by the trial court as required by Rule 18 of the Uniform Rules for Circuit and Chancery Courts as a prerequisite for appointing counsel; that appellant was ignorant of the system and his power to force Harrelson to defend him even though Harrelson desired to withdraw; that Philyaw was incarcerated for several months preceding trial; and that he was unable to obtain retained counsel under the impossible conditions in which he found himself. In reversing Philyaw's conviction, the court held:

> When an accused appears with retained counsel, the trial judge should not allow the attorney of record to withdraw until:
>
> (1)  new counsel has been retained; or
>
> (2)  a showing of indigency has been made and counsel has been appointed; or

(3) a voluntary and intelligent waiver of the right to counsel is established on the record.

288 Ark. at 248.

While at first glance *Philyaw* might seem to be dispositive of the case at bar, after careful consideration, we believe the present case presents a different situation. In *Tyler* v. *State*, 265 Ark. 822, 828, 581 S.W.2d 328 (1979), the court said:

It is widely recognized that the right to choose counsel may not be manipulated or subverted to obstruct the orderly procedures of the court or to interfere with the fair, efficient and effective administration of justice, particularly when a change of choice is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel. (Citations omitted.) It has been appropriately said that the right to counsel cannot be used to play a "cat and mouse game with the court," and held that, when it is, there is a waiver of the right and the court does not abuse its discretion in denying a continuance to permit employment of a new lawyer. (Citations omitted.)

*See also Collins* v. *State*, 276 Ark. 62, 632 S.W.2d 418 (1982) (the granting of a continuance rests in the sound discretion of the trial court, and a defendant cannot be permitted to use a change of lawyers as a device to delay a scheduled trial); *Leggins* v. *State*, 271 Ark. 616, 609 S.W.2d 76 (1980) (defendant must be offered a reasonable opportunity to obtain counsel, but once counsel is obtained, any request for a change must be considered in the context of the public's interest in a reasonably prompt and competent dispensation of justice).

In the instant case, appellant had been represented by Mr. Achor on at least three prior occasions when she had pled guilty to the offenses charged; she was familiar with the court system and aware of her right to counsel; there is no indication in the record that appellant was indigent or unable to have retained counsel in court on the day of trial, nor did she suggest she desired appointed counsel; appellant had been free on bond from June 3, 1985, until her trial on October 28, 1985; she had obtained at least two continuances from the court by changing her plea from "not

guilty" to "guilty" and to "not guilty" again; and finally, but we think very importantly, she fired her own retained counsel six days before her trial.

Although appellant said she had hired Larry Carpenter to represent her and she needed only a week's continuance for him to prepare, Mr. Carpenter denied to the court that he had even agreed to represent her. Mr. Achor, who had represented appellant on various criminal charges since 1976, was available in court and indicated that he was willing to continue as appellant's counsel but she did not accept his services.

■ Under all the circumstances in this case, we hold that the court did not abuse its discretion in refusing appellant's request for a continuance, and that her constitutional rights under the sixth and fourteenth amendments to the United States Constitution were not violated.

Affirmed.

COOPER, CORBIN AND GLAZE, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from the majority's opinion because I believe that this case is controlled by *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986). The majority attempts to distinguish *Philyaw* by stating that there was no indication in the record that the appellant was unable to have retained counsel in court on the day of trial, nor that she desired appointed counsel, nor that she was indigent. It is true that the record does not indicate any of those situations, but the absence of such information does not, I submit, satisfy *Philyaw's* requirement that the *trial judge* determine whether the defendant has new retained counsel; is indigent and counsel has been appointed; or that there has been a voluntary and intelligent waiver of counsel.

Further, I cannot find any meaningful distinction between the case at bar and *Suire* v. *State*, 18 Ark. App. 166, 712 S.W.2d 317 (1986), which this Court reversed for failure to comply with *Philyaw's* requirements.

As a final note, although the issue was not raised at the trial court level or on appeal, the appellant was not sentenced in

accordance with Arkansas law. She was ordered to serve consecutive sentences for a misdemeanor and a felony. Under Ark. Stat. Ann., Section 41-903(3)(a) (Repl. 1977), such sentences must run concurrently, with both sentences being satisfied by service of the sentence for the felony. This would appear to be a proper subject for a petition under Rule 37.

CORBIN and GLAZE, JJ., join in this dissent.