*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-453

OCTOBER TERM, 2014

| | | |
|---|---|---|
| Kayla Eaton and Robert Eaton | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Norman E. Watts and Watts Law Firm, P.C. | } | DOCKET NO. 693-12-11 Wrcv |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiffs in this legal malpractice action appeal from a summary judgment in favor of defendant.[*] We affirm.

This is the third appeal to reach the Court in connection with this matter, which arose from plaintiff Kayla Eaton's claim that her former supervisor at the Okemo Mountain Resort had assaulted her during her employment there. Plaintiff's lawsuit against her former supervisor and employer was dismissed for failure to prosecute after her attorney, defendant, was granted leave to withdraw and plaintiff failed to retain another attorney or maintain the action in her own behalf.

Following the dismissal, plaintiff filed three separate pro se lawsuits against a number of individuals involved in the original case. In Eaton v. Prior, 2012 VT 54, 192 Vt. 249, she alleged that Leroy Prior—a licensed polygraph examiner—had negligently administered a polygraph examination, which showed that she did not tell the truth in responding to questions about the alleged assault. She also asserted that the Vermont State Police and a state police officer had been complicit in Prior's alleged misconduct. We affirmed the dismissal of plaintiff's personal injury claims as time barred, but reversed and remanded for consideration of whether the suit contained claims for economic harm governed by the six-year statute of limitations. Id. ¶¶ 18-23.

In Eaton v. Cleary, Shahi & Aicher, No. 2013-172, 2013 WL 9057068, at *2-3 (Vt. Oct. 11, 2013) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo13-172.pdf, we affirmed the dismissal of plaintiff's lawsuit against the attorneys for her former employer in the original action, concluding that, among other things, they owed no duty of care to plaintiff.

In this action, plaintiff alleged that defendant, her attorney in the original suit, committed malpractice. Defendant moved for summary judgment, asserting that plaintiff had failed to

---

[*]  The named defendants are attorney Norman Watts and the Watts Law Firm. For convenience, we refer to them in this opinion as "defendant." Similarly, we shall refer to plaintiffs Kayla Eaton and her father Robert Eaton as "plaintiff."

identify an expert witness to provide the requisite testimony that defendant breached professional standards of care in his representation of plaintiff. In June 2013, the court issued a written decision, finding that plaintiff had failed to file an opposition to the motion for summary judgment sufficient to raise any genuine issue of material fact, and had failed to comply with trial court deadlines to disclose the opinion of an expert who would testify at trial to establish the applicable professional standard of care and show that defendant's conduct fell below that standard. Accordingly, the trial court granted the motion, and entered judgment in favor of defendant. This appeal by plaintiff followed.

We review a summary judgment employing the same standards as the trial court. Summary judgment is appropriate where the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Clayton v. Unsworth, 2010 VT 84, ¶ 15, 188 Vt. 432; V.R.C.P. 56(a). While the nonmoving party is entitled to all reasonable doubts and inferences, he or she may not rest on mere allegations in the pleadings to rebut credible evidence or affidavits but "must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." Id. ¶ 16 (quotation omitted).

To support the malpractice claim, plaintiff here was required to prove that defendant "was in fact negligent and that this negligence was the proximate cause" of her injuries. Estate of Fleming v. Nicholson, 168 Vt. 495, 497 (1998). As we have further explained, "because this was a professional negligence case, expert testimony was required to: establish the standard of care; show that defendants' conduct departed from that standard; and show that the conduct was the proximate cause of the . . . harm." Clayton, 2010 VT 84, ¶ 17. The only exception to this requirement is where the "lack of care is so apparent that only common knowledge and experience are needed to comprehend it." Fleming, 168 Vt. at 497-98.

Plaintiff's pro se brief is unclear and discursive, making it difficult to parse all of her claims. Nevertheless, the essence of the argument appears to be that defendant's decisions in agreeing to have plaintiff submit to a polygraph examination, stipulating to its admission at trial, and selecting Leroy Prior as the licensed examiner were not only below the standard of care, but so obviously negligent as to require no expert testimony. The argument is unpersuasive. To be sure, this Court has recently held that even if sufficiently reliable for admission under V.R.E. 702, polygraph examinations are inadmissible per se because they invariably "usurp the jury's lie detecting function." Rathe Salvage, Inc. v. R. Brown & Sons, Inc., 2012 VT 18, ¶ 19, 191 Vt. 284. Any number of courts have also held, however, that the parties in a civil litigation may permissibly stipulate to the admission of a polygraph examination at trial, as occurred here. See, e.g., Holcomb v. State, 594 S.W.2d 22, 23 (Ark. 1980) (rejecting assertion "that an accused can enter into a valid written stipulation for the introduction of polygraph examination results at a trial and then renege on the stipulation when he learns the results are unfavorable"); Sauzer-Johnson v. Sauzer, 544 N.E.2d 564, 568 (Ind. Ct. App. 1989) (stating that although generally inadmissible, "[w]here there is a valid stipulation, the trial court has discretion to admit polygraph results"); Pickens v. State, 292 N.W.2d 601, 613 (Wis. 1980) (reaffirming rule that polygraph evidence may be admitted pursuant to written stipulation of the parties); see generally Lee v. Martinez, 2004-NMCA-134 app., 136 N.M. 166, 96 P.3d 291 (2004) (reviewing decisions allowing admission of polygraph evidence upon stipulation). Furthermore, Vermont itself licenses polygraph examiners, 26 V.S.A. §§ 2901-2910, and authorizes the use of polygraph examinations by certain employers, 21 V.S.A. § 494b.

2

Thus, defendant's decisions concerning the polygraph were not self-evidently negligent, but rather the kind that require expert testimony to determine whether, under the circumstances, they violated professional standards of care. The same conclusion applies to defendant's selection of Prior to administer the examination. As we previously noted, Prior was a licensed polygraph examiner, and his actions in this case were found not to have violated any professional standards of practice. Eaton v. Prior, 2012 VT 54, ¶¶ 1, 6. Accordingly, we find no basis to conclude that defendant's choice of Prior was so deficient as to fall within the exception for dispensing with expert evidence on the standard of care.

Plaintiff also appears to assert that defendant's actions were negligent per se because they violated the Vermont Polygraph Protection Act, 21 V.S.A. §§ 494-494e, and the Federal Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2001-2009. Both statutes essentially prohibit private employers from using polygraph tests as a condition of employment or continued employment, subject to certain exceptions. The statutes plainly do not apply here; defendant was not plaintiff's employer, and the polygraph test in this case was not administered as a condition of employment.

Plaintiff also appears to assert that defendant's decision to withdraw from representation was so patently negligent as to not require expert evidence. Defendant's withdrawal was done with the express approval of the trial court following a hearing on the motion to withdraw, and cannot be deemed to constitute malpractice without expert testimony.

Plaintiff also appears to raise other claims concerning defendant's representation, including assertions that he negligently failed to address certain alleged conflicts of interest, failed to provide client records and billing information, and failed to file a motion to disqualify the trial judge. Again, any informed evaluation of such claims requires expert evidence to establish the requisite standard of care and determine whether defendant fell below them. Accordingly, we find no basis to conclude that the trial court erred in granting summary judgment based on plaintiff's failure to identify a competent expert witness to testify on these essential matters.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian J. Grearson, Superior Judge,
Specially Assigned

_____
Brian L. Burgess, Associate Justice (Ret.),
Specially Assigned