**Norma and Thomas LOBDELL, individually and on Behalf of Their Deceased Son, Harry Edwin LOBDELL, III, Appellants,**

v.

**TARRANT COUNTY HOSPITAL DISTRICT d/b/a John Peter Smith Hospital, Dr. L. Ray Ryan, Dr. Pelham Staples, III, Dr. Greg Elam, and Dr. Thomas White, Appellees.**

No. 2–85–159–CV.

Court of Appeals of Texas, Forth Worth.

June 5, 1986.

Rehearing Denied July 24, 1986.

R. Louis Bratton, Austin, for appellants.

Tim Curry, Criminal Dist. Atty., and Sullivan H. Bradley, Jr. and Dalton Gandy, Assts., Fort Worth, for Tarrant County Hosp. Dist.

Shannon, Gracey, Ratliff & Miller and D. Michael Wallach, Fort Worth, for Dr. L. Ray Ryan, Dr. Pelham Staples, III, Dr. Greg Elam and Dr. Thomas White.

Before BURDOCK, HILL and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

HILL, Justice.

Norma and Thomas Lobdell appeal from the granting of a summary judgment that

they take nothing in their medical malpractice action resulting from the intrauterine death of their child. The trial court granted the appellees' motion for summary judgment, holding that there is no right of recovery under the Texas Wrongful Death Act for the intrauterine death of a fetus.

We reverse and remand, because we find that there is a right of recovery under the Texas Wrongful Death Act for negligent conduct proximately causing the intrauterine death of a viable fetus.

■ In 1935, the Texas Commission of Appeals, in an opinion adopted by the Texas Supreme Court, held that there was no right of recovery under the Texas Wrongful Death Act for the death of a child which had suffered prenatal injuries, whether or not the child was viable and whether or not the child was born alive. *Magnolia Coca Cola Bottling Co. v. Jordan,* 124 Tex. 347, 78 S.W.2d 944 (1935). The Court set forth three bases for reaching that conclusion. It held that: (1) there was a total lack of authority for any right of recovery for prenatal injuries, whether or not the child was viable and whether or not the child was born alive or survived; (2) there is a difficulty of proof with respect to the viability of a child; (3) the defendant

owed no duty to the unborn child apart from its mother.

In 1967, the Texas Supreme Court overruled the *Jordan* decision, holding that there was a right of action under the Texas Wrongful Death Act for prenatal injuries to a viable infant who has been born alive. *Leal v. C.C. Pitts Sand and Gravel Inc.,* 419 S.W.2d 820 (Tex.1967). The opinion in effect destroyed all three bases of the *Jordan* opinion. The Court reserved the question of whether there is a right of action if the child is not viable or if the child is not born alive.

Since the Lobdell child was a full-term baby, its viability, that is its ability to survive separate and apart from its mother, is not at issue. The issue which is presented to us is whether or not there is a right of action under the Texas Wrongful Death Act for prenatal injury to a viable child which is not born alive.

The answer to the question is found in whether a stillborn child may be a person within the meaning of the Texas Wrongful Death Act. We join the majority of jurisdictions which have considered this question in holding that a viable child which has not been born is a person for the purposes of a wrongful death action.[1] In making

1. The majority of jurisdictions recognize a cause of action for the wrongful death of stillborn children, at least where the fetus is viable. *Eich v. Town of Gulf Shores,* 293 Ala. 95, 300 So.2d 354 (1974); *Summerfield v. Superior Court, Maricopa Cty.,* 698 P.2d 712 (Ariz.1985); *Hatala v. Markiewicz,* 26 Conn.Supp. 358, 224 A.2d 406 (1966); *Worgan v. Greggo & Ferrara, Inc.,* 50 Del. 258, 128 A.2d 557 (1956); *Simmons v. Howard University,* 323 F.Supp. 529 (D. D.C.1971); *Porter v. Lassiter,* 91 Ga.App. 712, 87 S.E.2d 100 (1955); *Volk v. Baldazo,* 103 Idaho 570, 651 P.2d 11 (1982); *Chrisafogeorgis v. Brandenberg,* 55 Ill.2d 368, 304 N.E.2d 88 (1973); *Britt v. Sears,* 150 Ind.App. 487, 277 N.E.2d 20 (1971); *Dunn v. Rose Way, Inc.,* 333 N.W.2d 830 (Iowa 1983); *Hale v. Manion,* 189 Kan. 143, 368 P.2d 1 (1962); *Rice v. Rizk,* 453 S.W.2d 732 (Ky.1970); *Mitchell v. Couch,* 285 S.W.2d 901 (Ky.App.1955); *Danos v. St. Pierre,* 402 So.2d 633 (La.1981) (opinion on rehearing); *Valence v. Louisiana Power & Light Co.,* 50 So.2d 847 (La.App.—New Orleans 1951); *State v. Sherman,* 234 Md. 179, 198 A.2d 71 (1964); *Mone v. Greyhound Lines, Inc.,* 368 Mass. 354, 331 N.E.2d 916 (1975); *O'Neill v. Morse,* 385 Mich. 130, 188 N.W.2d 785 (1971);

*Verkennes v. Corniea,* 229 Minn. 365, 38 N.W.2d 838 (1949); *Pehrson v. Kistner,* 301 Minn. 299, 222 N.W.2d 334 (1974); *Rainey v. Horn,* 221 Miss. 269, 72 So.2d 434 (1954); *O'Grady v. Brown,* 654 S.W.2d 904 (Mo.1983); *White v. Yup,* 85 Nev. 527, 458 P.2d 617 (1969); *Poliquin v. MacDonald,* 101 N.H. 104, 135 A.2d 249 (1957); *Salazar v. St. Vincent Hospital,* 95 N.M. 150, 619 P.2d 826 (1980); *Hopkins v. McBane,* 359 N.W.2d 862 (N.D.1984); *Werling v. Sandy,* 17 Ohio St.3d 45, 476 N.E.2d 1053 (1985); *Stidam v. Ashmore,* 109 Ohio App. 431, 167 N.E.2d 106 (1959); *Evans v. Olson,* 550 P.2d 924 (Okla. 1976); *Libbee v. Permanente Clinic,* 268 Ore. 258, 518 P.2d 636, *reh'g denied,* 268 Ore. 258, 520 P.2d 361 (1974); *Presley v. Newport Hospital,* 117 R.I. 177, 365 A.2d 748 (1976); *Fowler v. Woodward,* 244 S.C. 608, 138 S.E.2d 42 (1964); TENN.CODE ANN. sec. 20–5–106 (1980); *Nelson v. Peterson,* 542 P.2d 1075 (Utah 1975); *Vaillancourt v. Medical Ctr. Hosp. of Vt.,* 139 Vt. 138, 425 A.2d 92 (1980); *Moen v. Hanson,* 85 Wash.2d 597, 537 P.2d 266 (1975); *Baldwin v. Butcher,* 155 W.Va. 431, 184 S.E.2d 428 (1971); *Kwaterski v. State Farm Mut. Automobile Ins. Co.,* 34 Wis.2d 14, 148 N.W.2d 107 (1967). A

this determination, we do not purport to answer the metaphysical question as to when life begins. We only hold that a child which is capable of independent life outside its mother's womb has an independent existence as a person apart from its mother. In so ruling, we only recognize what all parents know—that the child whose heartbeat they can hear, whose kick they can feel, and whose movement they can see, is not a thing, nor a mere extension of the mother's body, but is an independent person, temporarily residing within the mother's uterus.

The appellees urge that the Texas Supreme Court has held that a child has no cause of action for prenatal injuries if he is not born alive. The appellees rely on the following per curiam Supreme Court opinion refusing application for writ of error in the case of *Yandell v. Delgado*, 471 S.W.2d 569 (Tex.1971):

> We approve the holding of the Court of Civil Appeals, stated as follows: 'We hold that subject, of course, to the proof required in such cases a cause of action does exist for prenatal injuries sustained at any prenatal stage provided the child is born alive and survives.'

*Id.* at 570.

The appellees urge that since TEX.REV. CIV.STAT.ANN. art. 4672 (Vernon 1952) requires that in order for there to be a wrongful death action the child must have had the right to bring a cause of action had he survived, and since the child had no such right since he was not born alive, the Lobdells have no wrongful death action.

■ This Court of Appeals reached the conclusion quoted by the Supreme Court and relied upon by appellees in a case involving a prenatal injury to a nonviable fetus which was later born alive. *Delgado v. Yandell*, 468 S.W.2d 475 (Tex.Civ.App.—Fort Worth), *writ ref'd n.r.e. per curiam*, 471 S.W.2d 569 (Tex.1971). We believe that both the Court of Appeals opinion and the Supreme Court opinion stand for the fact that there may be a recovery for a prenatal injury to a nonviable fetus, but only in the event that the fetus is born alive and survives. To the extent that either opinion might be interpreted as reaching the conclusion that live birth is a requirement for a right of action for a prenatal injury to a viable fetus, such conclusion is dicta which we reject.

Next the appellees contend that we should determine that the Legislature did not intend for an unborn child to be a "person" within the meaning of the Texas Wrongful Death Act because of the fact that the Legislature has in other statutes distinguished between children born alive and those not born alive. The appellees refer us to TEX.REV.CIV.STAT.ANN. art. 4512.5 (Vernon 1976), which provides a penalty of penitentiary confinement from five years to life for anyone who destroys the vitality or life in a child in the state of being born and before actual birth. We find that the Legislature's reference to the unborn as a "child," the reference to the unborn child's "vitality or life," and the penalty of five years to life for its destruction shows that the Legislature *does* recognize the unborn as a person.

The appellees rely on the opinion of *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), in which Justice Blackmun expressed his opinion that an unborn child has only the potentiality of life. *Id.*, 410 U.S. at 162, 93 S.Ct. at 731. We find

minority of jurisdictions, however, deny recovery. *Mace v. Jung*, 210 F.Supp. 706 (D.Alaska 1962); *Justus v. Atchison*, 19 Cal.3d 564, 139 Cal.Rptr. 97, 565 P.2d 122 (1977); *Norman v. Murphy*, 124 Cal.App.2d 95, 268 P.2d 178 (1954); *Bayer v. Suttle*, 23 Cal.App.3d 361, 100 Cal.Rptr. 212 (1972); *Hernandez v. Garwood*, 390 So.2d 357 (Fla.1980); *Stern v. Miller*, 348 So.2d 303 (Fla.1977); *Stokes v. Liberty Mutual Insurance Company*, 213 So.2d 695 (Fla.1968); *Egbert v. Wenzl*, 199 Neb. 573, 260 N.W.2d 480 (1977);

*Drabbels v. Skelly Oil Co.*, 155 Neb. 17, 50 N.W.2d 229 (1951); *Endresz v. Friedberg*, 24 N.Y.2d 478, 301 N.Y.S.2d 65, 248 N.E.2d 901 (1969); *Graf v. Taggert*, 43 N.J. 303, 204 A.2d 140 (1964); *Gay v. Thompson*, 266 N.C. 394, 146 S.E.2d 425 (1966); *Scott v. Kopp*, 494 Pa. 487, 431 A.2d 959 (1981); *Marko v. Philadelphia Transportation Co.*, 420 Pa. 124, 216 A.2d 502 (1966); *Carroll v. Skloff*, 415 Pa. 47, 202 A.2d 9 (1964); *Lawrence v. Craven Tire Company*, 210 Va. 138, 169 S.E.2d 440 (1969).

that art. 4512.5 shows that the Texas Legislature recognizes that the unborn child has "vitality" or "life," and not just the potential for life. Justice Blackmun in his opinion referred to such a right of action for wrongful death and did not express any opinion that the recognition of such a right is in violation of any federal constitutional provision. *Id.*, 410 U.S. at 162, 93 S.Ct. at 731. Therefore, we do not believe ourselves bound by Justice Blackmun's opinion in determining the intent of the Texas Legislature.

The appellees refer to the case of *Brady v. Doe*, 598 S.W.2d 338 (Tex.Civ.App.— Houston [14th Dist.] 1980), *cert. denied*, 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981), as holding that a fetus is not a person. Brady sought to bring suit as next friend of the fetus, seeking to enjoin an abortion. In that case the mother had been pregnant for ten weeks and the fetus was not viable. The court held that the fetus was not a person. To the extent that the opinion would be authority that a viable child is not a person, we do not agree with the opinion. However, we find the opinion to be distinguishable on its facts since it involved a nonviable fetus during the first trimester of pregnancy.

The appellees refer us to TEX.FAM. CODE ANN. sec. 15.021 (Vernon Supp. 1986) dealing with termination of parent-child relationship, and TEX.FAM.CODE ANN. sec. 12.05 (Vernon Supp.1986) dealing with the rights of a living child after an abortion or premature birth. We have examined both sections and find nothing in either one which would indicate any legislative intent that an unborn child is not to be considered a person. In fact, the reference to the unborn in sec. 15.021 as a "child" would appear to indicate the opposite intention.

Finally, the appellees point out that an amendment seeking to define the word "person" as including the unborn was not passed by the 1973 Legislature. The proposed amendment would have included nonviable as well as viable fetuses within the definition. We do not consider the failure to adopt such an amendment to be inconsistent with a legislative intent that viable fetuses are persons. In any event, we do not feel bound in our interpretation by any failure of the Legislature to act. *See Sanchez v. Schindler*, 651 S.W.2d 249, 252 (Tex.1983).

The Tarrant County Hospital District urges that the trial court did not err in granting summary judgment as to the claim against the district because it is a division of Tarrant County and because counties are exempt from an action brought under the Texas Wrongful Death Act. The rule in Texas is that such immunity on the part of a hospital district has to some extent been waived by the Texas Tort Claims Act, TEX.REV.CIV.STAT.ANN. art. 6252–19 (Vernon 1970). *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex. 1983).

We sustain point of error number one.

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.