Richard Wayne PARKER *v.* STATE of Arkansas

CA CR 86-33                                    715 S.W.2d 210

Court of Appeals of Arkansas
Division II
Opinion delivered September 3, 1986

254

*Pruitt & Hodnett*, by: *Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, for appellee.

LAWSON CLONINGER, Judge. Appellant was charged with burglary, attempted theft of property and of being a felon in possession of a firearm. Appellant was convicted by a jury of all three charges and sentenced to a total of twenty-one years in prison. On appeal, appellant argues three points for reversal: that the trial court erred in denying his motion to suppress his confession; that the trial court erred in denying his motion to sever the felon in possession of a firearm charge from the other charges; and that the trial court erred in refusing to grant a continuance after appellant had dismissed his attorney. We agree that it was error for the trial court to refuse to grant a continuance and we reverse and remand for a new trial.

Appellant first argues that the trial court erred in denying his motion to suppress his confession. Appellant was arrested by Dale Copeland, a Fort Smith, Arkansas, police officer. On the way to the police station, appellant was advised of his Miranda rights. Officer Copeland then asked appellant if he wanted to make a statement. Appellant replied, "Not at this time." After arriving at the station, appellant again told Officer Copeland that he did not want to make a statement "at this time." Appellant also indicated that he did not want an attorney "at this time."

Officer Copeland then took appellant to talk to Sergeant Harlan Sweeten. Officer Copeland told Sergeant Sweeten that appellant had been notified of his Miranda rights. However, Officer Copeland did not tell Sergeant Sweeten that appellant had indicated he did not want to make a statement. Sergeant Sweeten then read appellant his Miranda rights and had appellant sign a rights waiver form. Appellant then made some statements that tended to implicate him in the burglary. Sergeant Sweeten then asked appellant to sign a form giving the police

permission to search appellant's home. At that point, appellant asked to speak to his attorney. Appellant was not questioned further after he invoked his right to an attorney.

Appellant argues that after he stated to Officer Copeland in the police car that he did not want to make a statement, any further statements he made to the police were in violation of his rights. He further argues that the police should not have asked any questions after he first indicated that he did not want to make a statement. We disagree.

The Arkansas Supreme Court recently decided the case of *Hatley* v. *State*, 289 Ark. 130, 710 S.W.2d 812 (1986). That case also dealt with the issue of renewed questioning by the police after a defendant has invoked the right to remain silent. Citing *Michigan* v. *Mosely*, 423 U.S. 98 (1975), the court stated that the police only had the duty to "scrupulously honor" an accused's right to remain silent.

Police interrogation is more severely restricted after the suspect asserts his right to counsel than after he asserts his right to silence. *Hatley, supra*, citing *Edwards* v. *Arizona*, 451 U.S. 477 (1981). In *Hatley* the suspect had not requested an attorney. In the present case all police interrogation ceased after appellant requested an attorney, so the issue here, as in *Hatley*, is limited to what restrictions are placed on the police after a suspect has invoked his right to remain silent.

To "scrupulously honor" a defendant's right to cut off questioning means simply that, once the defendant has invoked his right to remain silent, his will to exercise that right will remain undisturbed; there must be no attempt to undermine his will and he must be secure in the knowledge he is under no compulsion to respond to any questions. Such a determination will depend on the facts in each case relative to the conduct of the police and of the defendant. *Hatley*, 289 Ark. at 135, 710 S.W.2d at 815.

We do not find any evidence in the record that the police made any efforts to wear down appellant's resistance or to change his mind. Appellant was arrested at about 2:30 in the afternoon and made his statement about one hour later. Appellant was fully informed of his rights immediately before making the incriminating statements. Appellant was not coerced or threatened. Appel-

lant was not detained for a long period of time before being questioned. Appellant was read his rights three times and two of those times appellant invoked the right to remain silent; however, we do not feel that this amounts to repeated questioning.

Appellant next argues that it was error for the trial court to refuse to sever the felon in possession of a firearm charge from the burglary and attempted theft charges. We do not find any merit in this argument.

On September 18, 1973, appellant pled guilty in a Louisiana court to the charge of receiving stolen things. The Louisiana court suspended appellant's sentence for two years and placed him on probation for two years. On April 22, 1975, the suspended sentence was revoked and appellant received the original two year sentence. On August 12, 1975, appellant was sentenced to three years in prison for possession of marijuana. These three convictions were placed into evidence by the State.

Appellant argues that under U.R.E. 609 these sentences could not be used to impeach him. The only way the State could use the prior convictions would be as evidence of the felon in possession of a firearm charge. It is appellant's contention that, since evidence of prior convictions is prejudicial, and since these convictions could not be used to impeach him, it was prejudicial error for the jury to hear the evidence of the prior convictions.

A defendant has a right to a severance whenever two or more offenses have been joined solely on the ground that they are of the same or similar character. A.R.Cr.P. Rule 21; *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). Otherwise, granting or refusing a severance is within the discretion of the trial court. A.R.Cr.P. 22.2(b)(i); *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983).

In the present case, it was alleged that appellant was arrested fleeing the scene of the burglary. The gun was found on appellant when he was frisked immediately after his arrest. In order to prove this, the State had to have the victim of the burglary, who saw appellant fleeing, and two police officers to testify. If the offenses had been severed, it would have required two trials and the State would have had to call the same witnesses to testify to the same facts. In light of this, we do not think the trial

court abused its discretion in refusing to sever the offenses. *See Guy, supra.*

██ We also find appellant's comparison to U.R.E. 609 to be without merit. Rule 609 applies when a prior conviction is used to impeach credibility, not when the prior conviction is an element of the offense. Ark. Stat. Ann. § 41-3103 (Repl. 1977) states that it is unlawful for any convicted felon, who has not received a pardon, to carry a firearm. There is no exception in § 41-3103 for a person whose conviction occurred more than ten years prior.

█ Furthermore, appellant's conviction of August 22, 1975, may have been available to the State for impeachment purposes. U.R.E. Rule 609 prohibits the use of prior convictions for impeachment purposes when the defendant was either convicted or released more than ten years prior, whichever is later. Appellant was tried for the present offenses on July 22, 1985. The record does not reveal when appellant's release from prison occurred. However, the August conviction falls one month short of the ten year limit.

Lastly, appellant argues that it was error for the trial court not to grant a continuance when appellant dismissed his attorney on the morning of the trial. Based on the facts in this case, we agree with appellant's argument. On the morning of appellant's trial, Monday, July 22, 1985, appellant's retained counsel moved to withdraw. Appellant explained to the trial court that he had dismissed his attorney because he did not believe the attorney was acting in his best interest. Appellant believed that his attorney had interfered with his attempts to make bail and felt that his attorney wanted him to plead guilty. The attorney explained that, although he had discussed with appellant's mother the risks involved if she gave appellant the money for bail, he left the decision up to her. The attorney confirmed that he had spoken frequently with appellant about the possibility of entering a plea.

The judge asked appellant why he had waited until the morning of the trial to decide to dismiss his attorney. Appellant stated that he had tried to contact the attorney on the afternoon of Friday, July 19, 1985, but he had not been permitted to use the phone while in jail. The judge stated that he did not believe appellant; that he knew they were allowed to use the phones anytime they wanted to call their attorneys.

The judge then offered appellant the choice of going to trial with his retained counsel or representing himself. Appellant replied, "I guess I'm going to have to represent myself under protest." Appellant stated further that he knew he was not capable of defending himself. The trial judge explained that if appellant protested, then the attorney would have to represent him. Appellant responded, "Well that's under protest too, because I don't think it's under (sic) my best interest."

The judge then explained that he could not force appellant to accept the services of the retained counsel, but he could force appellant to go to trial representing himself. Appellant was then told that he would have to accept the consequences of the jury's verdict. Appellant stated that he understood but that he had no choice. The judge told appellant he did have a choice; he could represent himself or accept the services of his retained counsel. Appellant remained adamant about not being represented by his retained counsel. The trial court finally relieved appellant's retained counsel and assigned appellant a legal advisor. The legal advisor's role was to answer appellant's questions; he was not allowed to examine witnesses or to otherwise act as an advocate.

Appellant argues that the trial court's actions effectively denied him his right to counsel. The State argues that appellant abused his right to counsel, and therefore was not entitled to an attorney. We disagree with the State.

When a defendant requests a change of counsel it is appropriate for the trial court to treat the request as a motion for continuance. *Leggins* v. *State*, 271 Ark. 616, 609 S.W.2d 76 (1980). However, the right to counsel is a shield and not a sword. A defendant has no right to manipulate his right for the purpose of delaying and disrupting the trial. *U.S.* v. *White*, 569 F.2d 1390 (8th Cir. 1976). The denying or granting of the continuance is left to the sound discretion of the trial court, and that decision will not be reversed absent an abuse of discretion. *Leggins, supra.* While we appreciate and sympathize with the frustrating position the trial judge was in, we are not convinced that the evidence supports the trial court's belief that appellant was using his right to an attorney to manipulate the court and postpone his trial date.

Some of the factors to be considered include whether there was adequate opportunity for the defendant to employ

counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; whether the request is consistent with the fair, efficient and effective administration of justice; whether denying the continuance resulted in identifiable prejudice to the defendant's case of a material or substantial nature; and in the case of a *pro se* proceeding, where a proper waiver of counsel existed, whether the accused had sufficient time to prepare for his defense. *Thorne* v. *State*, 269 Ark. 556, 601 S.W.2d 886 (1980).

Appellant, unable to make bail, had been incarcerated from the time of his arrest until the time of trial. He had little to gain by changing lawyers to force a continuance. *See Collins* v. *State*, 276 Ark. 62, 632 S.W.2d 418 (1982). He was also without access to witnesses or law books and was therefore unable to prepare for his defense. *See Thorne, supra.* There is no evidence in the record that appellant had previously requested a continuance or made other attempts to delay the trial. It is apparent that appellant honestly believed, correctly or not, that his attorney was not looking out for his best interests. When faced with the choice of representing himself, which appellant admitted he was not qualified to do, or going to trial with his retained counsel, appellant chose to represent himself.

■ Nor will the evidence support a finding that appellant waived his right to an attorney. The determination in each case of whether a waiver is intelligently made depends upon the particular facts and circumstances. The accused must have full knowledge or adequate warning concerning his rights and a clear intent to relinquish them before a waiver can be found. *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986); *Barnes* v. *State*, 258 Ark. 565, 528 S.W.2d 370 (1975).

Although the trial judge did tell appellant that he would have to accept the consequences of representing himself, we do not believe this constituted adequate warning. Nor did appellant express a clear intent to waive his right to counsel. In fact,

appellant strenuously objected to representing himself and only chose what he considered to be the least objectionable of two undesirable choices.

 It was error for the trial court not to continue the trial, and for that reason we reverse and remand the cause for a new trial. The case is affirmed as to all the other issues raised.

Reversed and remanded for a new trial.

COOPER and CORBIN, JJ., agree.