Michael J. FALLON *v.* STATE of Arkansas

CA CR 87-243                                   749 S.W.2d 686

Court of Appeals of Arkansas
Division I
Opinion delivered May 18, 1988

*William R. Simpson, Jr.*, Public Defender, and *Steff Padilla*, Deputy Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Circuit Court, First Division. Appellant, Michael J. Fallon, appeals his conviction of theft by receiving and the sentence imposed therefor. We affirm.

A felony information was filed September 8, 1986, charging appellant with theft by receiving, a violation of Ark. Code Ann. § 5-36-106 (1987) (formerly Ark. Stat. Ann. § 41-2206 (Repl. 1977)). A jury trial was held on June 8, 1987, at which time the appellant was found guilty as charged and was sentenced to fifteen years in the Arkansas Department of Correction as an habitual offender. From his conviction, comes this appeal.

As his only point for reversal, appellant asserts that the trial court erred when it denied appellant's motion for continuance after he had dismissed his attorney on the morning of trial. We disagree.

For reversal, appellant relies on *Parker* v. *State*, 18 Ark. App. 252, 715 S.W.2d 210 (1986). In *Parker*, the court stated that when a defendant requests a change of counsel it is appropriate for the trial court to treat the request as a motion for continuance. *Id.* at 258, 715 S.W.2d at 213. While we agree that this is a proper statement of the law, the facts and circumstances under which *Parker* was decided make it inapplicable to the case at bar.

In *Parker*, the defendant requested a change of counsel on the morning of trial. The trial court, in denying the request, gave the defendant the option of going to trial with his retained counsel or representing himself. There we held that appellant did not express a clear intent to waive his right to counsel since he "strenuously objected to representing himself and only chose what he considered to be the least objectionable of two undesirable choices." *Id.* at 259-60, 715 S.W.2d at 214.

Conversely, in the case at bar, appellant did not request a change or substitution of counsel, as was done in *Parker*; he dismissed his appointed counsel and sought to represent himself. At the pretrial hearing on the morning of trial, appellant, in making his request, stated:

> I'd like to mention, okay, in the last ten months I've been assigned three Public Defenders and each one of them has been more interested in defending me from the State's point of view than my point of view.
>
> . . . .
>
> It's for this reason that *I feel like I would be better suited representing myself*. . . I don't feel like that any of the Public Defenders I've talked to are willing to help me as I need to be helped on this case here.

The court noted that he had a constitutional right to proceed pro se if he wished, but repeatedly emphasized that doing so was very risky. After several attempts to persuade the appellant to allow the public defender to appear on his behalf, the court asked, "Do you want to be dumb and represent yourself or do you want to let them represent you and, if you get convicted, preserve a record for appeal?" Appellant replied, "Represent myself."

The record repeatedly supports the fact that appellant knowingly and intelligently waived his right to have counsel appear on his behalf. The judge therefore allowed him to appear pro se, but required counsel to be seated at the table with him for assistance if needed. The propriety of this decision is not challenged on appeal.

Because appellant requested to represent himself rather than to secure substitute counsel, the request did not have the effect of a motion for a continuance. At no time did appellant move for a continuance or indicate in any manner that the trial should be postponed. It is well settled that where an argument was not presented to the trial court, it cannot be raised for the first time on appeal. *Webber* v. *State*, 15 Ark. App. 261, 692 S.W.2d 255 (1985). We, therefore, affirm.

Affirmed.

MAYFIELD and COULSON, JJ., agree.