James LEGGINS *v.* STATE of Arkansas

CR 80-158            609 S.W. 2d 76

Supreme Court of Arkansas
Opinion delivered December 22, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jack R. Kearney*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. This is the second appeal of this case. See *Leggins* v. *State*, 267 Ark. 293, 590 S.W. 2nd 22 (Dec. 3, 1979). On the first appeal, James LEGGINS, appellant herein, sought reversal of his conviction of two counts of aggravated robbery because the trial court permitted evidence of a prior conviction of James LIGION to be submitted to the jury as evidence that he, James LEGGINS, was an habitual offender. Finding insufficient evidence to establish that James LIGION and James LEGGINS were the same person, we granted the appellant a new trial unless the Attorney General agreed to a reduction of his sentence from 30 years to 10 years. When the Attorney General refused to accept the reduction, the appellant was retried and again convicted of two counts of aggravated robbery and sentefced to two consecutive terms of life imprisonment. Again on appeal appellant renews his argument concerning the admission of the evidence of the prior conviction of James LIGION, which was also introduced in the second trial, and additionally asserts that he was unfairly denied his right to select an attorney of his choice. Finding no merit in either contention, we affirm.

This court answered in the first appeal appellant's argument that there is insufficient evidence to support the jury's finding that appellant, James LEGGINS, is the same person convicted of a felony in Crittenden County Circuit Court as James LIGION. See *Leggins* v. *State, supra.* There, recognizing the doctrine of *idem sonans*, a rule of criminal practice which ignores spelling differences in names if the pronunciation is practically the same, the Court emphasized that it would have reached a different result had the state also introduced appellant's affidavit of indigency form, which he signed as LIGGION, since the similarity in sound between LIGGION and LIGION provides substantial evidence of appellant's connection with the prior conviction. When the indigency affidavit was introduced along with the prior conviction in the

second trial, the evidentiary deficiency which caused the reversal in the first trial was cured.

Appellant also contends that his convictions should be reversed because he was unfairly denied his right to select an attorney of his choice. The factual predicate for this contention stems from a letter written by appellant to the court more than seven weeks after his trial had been set and only two weeks before it was to occur, asserting that he was financially able to hire his own attorney and requesting that he be relieved of his court appointed attorney. No further reason for desiring to discharge his court appointed attorney was provided. Responding within four days of receipt of appellant's letter the court wrote:

> Your request for a change of counsel has not been timely made due to the fact that a new attorney would not have time to properly prepare your case for trial. I will not continue the case at the last minute for a change of attorney.

Although appellant did not specifically request a postponement of his trial, the trial court appropriately treated his request as a motion for continuance since a change of attorneys so close to trial would have required the granting of one.

We have consistently held that a motion for a continuance is addressed to the sound discretion of the trial judge and his judgment will not be reversed on appeal in the absence of clear abuse. *Golden* v. *State*, 265 Ark. 99, 576 S.W. 2nd 955 (1975). The burden of establishing such abuse rests squarely on the shoulders of the appellant. *Freeman* v. *State*, 258 Ark. 496, 527 S.W. 2nd 623 (1975). We have also recognized that the right to counsel of one's choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient and effective administration of justice. *Tyler* v. *State*, 265 Ark. 822, 581 S.W. 2nd 328 (1979). Although a defendant must be offered a reasonable opportunity to obtain competent counsel, once competent counsel is obtained, any request for a change must be considered in the context of the public's interest in a reasonably prompt and competent dispensation of justice. If

such a change would require the postponement of trial because of inadequate time for a new attorney to properly prepare a defendant's case, in denying or granting the change, the court may consider such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to defendant. *Thorne* v. *State*, 269 Ark. 556, 601 S.W. 2nd 886 (1980).

In the instant case, the appellant neither provided a material reason for his requested change of attorneys, nor identified an attorney who would proceed to trial with him. He was dilatory in making the motion and identified no prejudice to his case from a failure of the trial court to grant the motion. His court appointed counsel were not only prepared and willing to represent him at trial, but, as far as we can discern from the record, ably did so. Under these circumstances, we must sustain the judgment of the trial court.

Affirmed.

PURTLE, J., not participating.