Herman PICKENS *v.* STATE of Arkansas

CR 83-13                                        652 S.W.2d 626

Supreme Court of Arkansas
Opinion delivered June 20, 1983

*Gene E. McKissic,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted by a jury of burglary and aggravated robbery. The jury fixed his punishment, as a habitual offender, at 30 years imprisonment for the burglary and 60 years imprisonment for the aggravated robbery conviction. Three points are raised on appeal. We affirm.

The appellant first argues, through his court appointed counsel, that the trial court erred by denying him, an indigent, an independent fingerprint expert at state expense in violation of his right to due process of law. The critical testimony with respect to identification came from a fingerprint expert with the FBI, who testified that the appellant's

palm print was found on a paper bag. The robber had masked his face with a paper sack during the alleged robbery following which a paper sack was discovered in that portion of the bank where the robbery occurred. Prior to trial the appellant requested state funds to hire an independent expert to examine and evaluate the palm prints on the bag. He did not name nor list any particular expert; he did not provide the court with a list of possible experts whom he might call; he did not make a proffer of any evidence that might be adduced; and he made no suggestions as to what the cost of the expert testimony might be. He merely requested funds to pay for the attendance of an out-of-state fingerprint expert. We have held that the decision whether to provide a defendant with an unnamed fingerprint expert to rebut the state's expert testimony is within the discretion of the trial court. *Adams* v. *State*, 276 Ark. 18, 631 S.W.2d 828 (1982); see also, *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982); and *Wright* v. *State,* 267 Ark. 264, 590 S.W.2d 15 (1979). We find no abuse of discretion here.

The appellant next argues that the trial court erred in admitting into evidence the identification testimony of Judy Gibbs and Leon Carroll based upon their identification of him at a pretrial lineup. Gibbs was the bank employee who was held up. She did not see the assailant's face, because he had a paper sack with eye holes over his head. She was able to describe his build and body shape. She picked the appellant out of a lineup one month after the robbery. She admitted that her identification was not positive. Carroll saw a man emerge from the bank at the approximate time of the robbery. He said that the appellant looked exactly like the man whom he saw but he could not say for certain it was he. He had also picked the appellant out of the same lineup. Appellant's argument is that this testimony was irrelevant and, even if relevant, inadmissible because its probative value was outweighed by its prejudicial effect. Ark. Stat. Ann. § 28-1001, Rules 401, 402 and 403 (Repl. 1979). However, as abstracted, the record does not reflect that these specific arguments were addressed to the trial court. They are raised for the first time on appeal. Consequently, we do not consider them. *Pace* v. *State,* 265 Ark. 712, 580 S.W.2d 689 (1979).

Finally, the appellant argues that the evidence was not sufficient to support the jury verdict. It is undisputed that a burglary and robbery occurred, but the appellant contends that the identification testimony is insufficient, and there is no direct evidence placing him in the bank. Judy Gibbs, the bank employee who was the victim of the crime, testified that the assailant was of the same general build as the appellant. She picked him out of a lineup of persons similar in appearance when each man stepped forward and reiterated the words of her assailant. At the armed robber's command, she had placed the bank money in a dirty sack, the size of a pillow case. Leon Carroll saw a man carrying a "big old sack" as he left the bank at the approximate time of the crime. The appellant looked exactly like the man whom he saw. He, as did Gibbs, had picked appellant from the line-up. It is true that neither witness was certain in their identification. The state, however, adduced evidence that a paper sack, which had not been in the manager's office where the robbery occurred the day before the crime, was found there following the crime. The appellant's palm print was found on this sack. Certainly, this evidence is sufficiently substantial to support the jury's verdict. *Brown* v. *State,* 278 Ark. 604, 648 S.W.2d 67 (1983); and *Smith* v. *State,* 277 Ark. 64, 639 S.W.2d 348 (1982).

Affirmed.