John MINCY *v.* STATE of Arkansas

CA CR 86-79                                                717 S.W.2d 213

Court of Appeals of Arkansas
Division I
Opinion delivered October 8, 1986

*McDaniel & Wells, P.A.*, by: *Phillip Wells*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted on two counts of delivery of amphetamines by a Poinsett County Circuit Court jury and was sentenced to serve two concurrent ten-year terms in the Arkansas Department of Correction. From that decision, comes this appeal.

The appellant first argues that the trial court erred in denying the appellant the right to dismiss his attorney of record on the morning of trial and obtain other counsel. We find no error. A request to change counsel at such a late date would have necessitated the granting of a continuance; therefore, such a motion is treated as a motion for a continuance. *Leggins v. State*, 271 Ark. 616, 609 S.W.2d 76 (1980); *Pickens v. State*, 6 Ark.

App. 58, 638 S.W.2d 682 (1982), *aff'd*, 279 Ark. 457, 652 S.W.2d 626 (1983). Determining whether a continuance should be granted is a matter in the discretion of the trial court, and the appellant has the burden of showing that the court abused that discretion. *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983); *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986). A defendant cannot be permitted to use a change of lawyers as a device to delay trial. *Collins* v. *State*, 276 Ark. 62, 632 S.W.2d 418 (1982). When making its decision whether to grant the continuance, the court must look at the particular circumstances of each case, considering the request for a change of counsel in the context of the public's interest in the prompt dispensation of justice. *Clay* v. *State*, 290 Ark. 54, 716 S.W.2d 751 (1986); *Leggins* v. *State*, 271 Ark. 616, 609 S.W.2d 76 (1980). In *Thorne* v. *State*, 269 Ark. 556, 601 S.W.2d 886 (1980), the Supreme Court set forth some of the factors to be considered:

> [W]hether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether or not the motion for continuance was timely filed; whether or not the defendant contributed to the circumstances giving rise to the request for the continuance; whether or not the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; whether the request is consistent with the fair, efficient and effective administration of justice; [and] whether denying the continuance resulted in identifiable prejudice to the defendant's case of a material and substantial nature; . . . No one of these factors is a prerequisite to the granting of a continuance, but these and other factors are the legitimate subject of the court's attention when a continuance is requested.

269 Ark. at 561.

▮ Here, the appellant informed the court on the morning of trial that he wished to change attorneys. Upon inquiry by the court, he admitted that he had no funds of his own to hire a new attorney, but that his parents, who were over-the-road truckers and were currently out of town, had been talking of hiring him a

new attorney. He admitted that he did not know for sure when his parents would be back in town. When asked by the court why he wanted to change attorneys, the appellant responded that his attorney had recommended within the last week that the appellant change his defense. The appellant did not say that his attorney was forcing him to change his defense or refusing to defend him if he did not do so. The court found that the appellant's attorney was ready, willing, and able to defend him. The appellant here learned of the disagreement in trial tactics the week before the trial, but did not bring it to his attorney's attention until the night before the trial. Under these circumstances, we cannot say the court erred in refusing to grant the continuance.

■ The appellant next contends that he was improperly sentenced under Ark. Stat. Ann. § 82-2617(a)(1)(i) (Supp. 1985) and requests that we reduce his sentence to the minimum under the proper statute, Ark. Stat. Ann. § 82-2617(a)(1)(ii) (Supp. 1985) (having been sentenced to the minimum under the statute actually used). The State concedes that the appellant was sentenced under the wrong statute, but contends that the appellant cannot now raise the issue, as he did not object to the jury instructions setting forth the range of punishment. The State does request that, if we reach the issue, we reduce the appellant's sentence to the five year minimum set forth in the statute instead of remanding it to the lower court. Because we agree with both parties that the sentencing was in error, and because both parties agree on what the sentence should have been, we reduce the appellant's sentence to five years on each count, to be served concurrently. *See Abbott* v. *State*, 256 Ark. 558, 508 S.W.2d 733 (1974); Ark. Stat. Ann. § 43-2725.2 (Repl. 1977).

■ The appellant also contends that the trial court erred in admitting taped telephone conversations between him and a confidential informant. He contends that their introduction violated state law, specifically Ark. Stat. Ann. § 41-4501, *et seq.* (Supp. 1985). At trial, however, the appellant objected to the admission of the tapes on the ground that they violated federal law. It is settled law that the appellant cannot change the grounds for his objection on appeal. *Vasquez* v. *State*, 287 Ark. 468, 473-A, 702 S.W.2d 411 (1986) (supp. op. on denial of rehearing). Only the specific objections made at trial are available on appeal;

all others are deemed waived. *Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). However, even if the appellant had properly preserved his objection below, we find no error in the admitting of the tapes, as they were made before the effective date of the statute. At that time, neither the consent of both parties nor a court order was required by law.

The appellant's last argument is that the judge erred in failing to quash the jury panel because the jury from his trial was present for the trial of his codefendant, Bo Denton. The appellant fails to cite to us any convincing argument or authority on this point. We do not consider such points unless it is apparent without further research, which is not the case here, that they are well taken. *Satterlee* v. *State*, 289 Ark. 450, 711 S.W.2d 827 (1986); *Reynolds* v. *State*, 18 Ark. App. 193, 712 S.W.2d 329 (1986).

Affirmed as modified.

CRACRAFT, C.J., and GLAZE, J. agree.