Hugh WILLIAMS *v.* STATE of Arkansas

CR 90-195                                   800 S.W.2d 713

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Clark & Adkisson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Hugh Williams, was convicted of possession of cocaine with intent to deliver and second degree escape. He was sentenced to forty years and five years imprisonment, respectively, and a fine of $10,000.

On appeal, Williams contends that 1) the trial court erred in refusing to grant a motion for mistrial after he was brought before the prospective jury in shackles, and 2) the trial court erred and abused its discretion in allowing the state to use a prior felony conviction to impeach his credibility. We find no merit in either argument and affirm.

On the morning of trial, and prior to selection of the jury, Williams was brought into the courtroom in restraints. The trial judge was informed of the fact and immediately ordered them removed.

The trial proceeded and after nearly all of the state's witnesses had testified, Williams' attorney moved for a mistrial, contending that it was prejudicial for Williams to have been seen by the jurors wearing restraints. The court denied the motion as untimely and because there was no proof that any of the thirteen jurors actually selected had seen Williams "shackled."

The trial court's ruling was correct. The motion was not made until well into the trial, nearing the close of the state's case. It is well established that in order to preserve an argument for appeal, the appellant must make an objection at the first opportunity. A.R.Cr.P. Rule 36.21; *Asher* v. *State*, 303 Ark. 202, 795 S.W.2d 350 (1990); *Young* v. *State*, 283 Ark. 435, 678 S.W.2d 329 (1984).

Notwithstanding his failure to make a timely motion for mistrial, Williams has not demonstrated prejudice. *See Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990). We have held that it is not prejudicial, *per se*, when a defendant is brought into court handcuffed and that the defendant must affirmatively demonstrate prejudice. *See Johnson* v. *State*, 261 Ark. 183, 546 S.W.2d 719 (1977); *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985). Williams has offered no proof that any of the jury members actually saw him in restraints and, in fact, in his motion for mistrial, Williams' attorney stated, "I do not know if any of the jurors saw [Williams] . . . If he was observed by jurors, I would

move for a mistrial."

This case is similar to *Hill* v. *State, supra*, where, in upholding the trial court's denial of a mistrial, we stated:

> In this case, from the record of the in-chambers conference on the mistrial motion, it is not evident there was anything but a brief, inadvertent sighting by some of the jurors. The appellant offered no proof of any jurors having actually seen the appellant, nor was any voir dire requested to substantiate any allegation of prejudice. There was no affirmative showing of prejudice by the appellant.

■ Furthermore, as in *Johnson* v. *State, supra*, Williams was charged with escape (in this case from the county jail as opposed to the state penitentiary in *Johnson*) and was an inmate at the state prison at the time of trial. All of these facts were revealed to the jury during the course of trial and, thus, any prejudice which may have resulted from Williams having been seen in restraints would be rendered harmless.

■ A motion for a mistrial is an extreme and drastic remedy which will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). Given the facts before us, we cannot say the court's denial of a mistrial was in error.

We also find no error in the trial court's ruling that the state would be permitted to impeach Williams with a prior felony conviction.

After moving for a mistrial, Williams' counsel informed the court that he "believe[d] [they were] gonna have Mr. Williams testify" and asked the court "not to allow Mr. Foster (the prosecutor) to impeach him with that prior felony due to the prejudicial effect that it would have on Mr. Williams." Noting that Williams' counsel stated in opening argument "you are probably going to hear evidence today that a year or so back Mr. Williams had a conviction for breaking into a car," the court responded that defense counsel had "opened the door to it" and that "if the state does introduce [prior convictions], I'm going to allow it."

Later, Williams testified on direct examination that he had "trouble before on a breaking or entering and theft by receiving" and that he "broke into a car." In addition, he testified on cross-examination that he had a previous conviction for breaking and entering and theft of property.

Rule 609(a) of the Arkansas Rules of Evidence provides as follows:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one (1) year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

■ Inasmuch as Williams' counsel alluded to his prior convictions in his opening statement and the appellant testified to his various criminal involvements during direct examination, it would be a vain and useless act for the trial court to weigh the probative value of admitting this evidence on cross-examination under Rule 609(a).

■ Furthermore, where a defendant, himself, initiates discussion of a certain subject, he opens the door to a line of questioning by the state. *See generally Stephens* v. *State*, 290 Ark. 440, 720 S.W.2d 301 (1986); *Thompson* v. *State*, 298 Ark. 502, 769 S.W.2d 6 (1989).

On the basis of the foregoing reasons, we affirm.