Demetrius "Dee Dee" EDWARDS *v.* STATE of Arkansas

CR 95-183                                    906 S.W.2d 310

Supreme Court of Arkansas
Opinion delivered September 25, 1995

*Barker & Selby*, by: *Paul D. Selby*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. The appellant was convicted of burglary and sentenced to forty years imprisonment. He raises five issues to be addressed on appeal. He charges the trial court with error for requiring him to wear leg restraints during trial, for refusing to grant a continuance and requiring him to proceed to trial with counsel he claimed was ineffective, for allowing a videotape of the crime scene into evidence, and for allowing police officers to remain in the courtroom after testifying. He charges his counsel with ineffectiveness for failing to object to the use of the leg restraints and to request a cautionary jury instruction regarding the restraints. Appellant's points are either procedurally barred or have no merit, and we affirm.

Appellant, Demetrius "Dee Dee" Edwards, was arrested along with another individual, and charged with the burglary of Sharpe's Department Store in Crossett, Arkansas, on June 30, 1993. Police came to the store in response to a silent alarm activated by a brick thrown through the front window of the store. The officers apprehended appellant inside the store after a struggle in which he was subdued with pepper spray.

By the time of trial in July 1994, appellant had previously been convicted of four felonies. Robert Remet was appointed counsel for appellant on the burglary charge, as well as for a May 1994 trial on a charge of escape. Appellant could not be represented by the Public Defender's Office on the burglary charge because that office had represented a co-defendant on the same charge.

Immediately before trial, the court, in a proceeding outside the presence of appellant and the jury, decided the appellant would be required to wear leg restraints during the trial. The reasons given by the court were that appellant was a rather large

and strong individual, he had already received a twenty-five year prison sentence in the May 1994 trial, he had numerous other felony charges pending in both Arkansas and Louisiana, the court had been repeatedly cautioned by sheriff's department personnel that he might attempt to escape, and he had allegedly been involved in a number of violent acts, including a shoot-out with police in Louisiana. The sheriff's department had also expressed concern about security because they were short-handed and had several new employees. Appellant's counsel did not object to appellant wearing leg restraints and actually agreed as long as the restraints were not obvious to the jury.

During the trial court's voir dire of the jury, Mr. Remet passed two notes to the judge indicating that appellant had advised him that he did not want Remet as his attorney and therefore did not want to go to trial that day. The jury was excluded, and a lengthy hearing was held in which the court considered the issues raised by appellant of ineffective assistance of counsel, his request for continuance, request for new counsel, and his refusal to waive counsel and represent himself. The court asked appellant what in his mind made counsel ineffective. Appellant replied that counsel got him twenty-five years in the previous felony and that "he ain't doing nothing." The appellant did admit, however, that he had not given counsel any names of individuals to call as witnesses and had not asked counsel to do anything. The court ruled that defendant had not shown that his counsel was ineffective, and that since he refused to represent himself at trial, Mr. Remet would remain as his counsel and the untimely motion for continuance would be denied.

During trial, appellant objected to the admission of a video-tape of the crime scene, arguing there was insufficient evidence on chain of custody. This objection was overruled. The jury found appellant guilty of the burglary and imposed a maximum sentence of forty years under the habitual offender's sentencing provisions.

The appellant's first point for reversal, that the trial court erred in requiring him to wear ankle chains before the jury, is not properly preserved for review. It is well established that in order to preserve an argument for appeal, the appellant must make an objection at the first opportunity. *Williams* v. *State*, 304

Ark. 218, 800 S.W.2d 713 (1990). Issues not raised at the trial court level will not be considered by this court on direct appeal. *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989).

■ Not only did counsel not make a timely objection to appellant wearing leg restraints, he agreed with the court's decision as long as the chains were not obtrusive or obvious to the jury. This court has repeatedly held that a person cannot agree with a ruling by a trial court and then attack it on appeal. *Magar* v. *State*, 308 Ark. 380, 826 S.W.2d 221 (1992); *See also Hudson* v. *State*, 303 Ark. 637, 799 S.W.2d 529 (1990).

■■ Appellant next argues that his counsel was ineffective in failing to object to the use of the leg iron restraints during the trial, and in failing to request a jury instruction that such restraint not be considered in assessing the proof and determining guilt. This court will not consider ineffective assistance of counsel as a point on direct appeal unless the issue has been considered by the trial court. *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993); *Sumlin* v. *State*, 319 Ark. 312, 891 S.W.2d 375 (1995). Here, appellant has raised the issue by requesting during trial that the court relieve Mr. Remet from representing him. *See Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). However, he complained only of the sentence he received in the prior trial, of not being allowed to select the jury, and made other general statements expressing dissatisfaction with his counsel. Because appellant made no mention of the use of leg restraints when the trial court afforded him the opportunity to specify his complaints about Mr. Remet, this issue has not been properly preserved for direct appeal. *See Tisdale, supra.*

■ We also do not consider the charge of ineffectiveness in this case because the facts were not fully developed at the pretrial hearing or at any other stage of the trial. *See Hillard* v. *State*, 321 Ark. 39, 900 S.W.2d 167 (1995). Nor do the trial court's pretrial findings on the issue of ineffectiveness preclude appellant from bringing an A.R.Cr.P. Rule 37 petition in the trial court at the conclusion of this appeal.

■ Appellant next maintains that the trial court erred in requiring him to proceed to trial with an attorney whom he claimed was ineffective and in failing to grant a continuance. The trial court was first made aware of appellant's request for a new attorney after

voir dire of the jury had begun. This court has repeatedly held that such a motion to change counsel is properly treated as a motion for continuance since a change of attorneys so close to trial would require the granting of one. *Leggins* v. *State*, 271 Ark. 616, 609 S.W.2d 76 (1980). The refusal to grant a continuance in order for the defendant to change attorneys rests within the discretion of the trial judge, and the decision will not be overturned absent a showing of abuse. *Cooper* v. *State*, 317 Ark. 485, 879 S.W.2d 405 (1994). The burden of establishing such abuse rests squarely on the shoulders of the appellant. *Leggins, supra.*

■■ We have long recognized that the right to counsel of one's choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient and effective administration of justice. *Leggins supra.* If change of counsel would require the postponement of trial because of inadequate time for a new attorney to properly prepare a defendant's case, the court may consider such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to defendant. *Leggins supra.* The trial court determined that appellant did not give adequate reasons for requesting a new attorney, and that there was nothing in the record to indicate that Mr. Remet's performance was incompetent, unprofessional, or ineffective. The court further noted that appellant had not identified another attorney to represent him although he had ample opportunity between the trial in May and the day of his burglary trial to do so, and found that his request was not timely. We cannot say that the trial court abused its discretion in not granting appellant's continuance and request for new counsel in these circumstances.

For his next point, appellant contends the trial court erred in allowing the admission into evidence of a videotape of the crime scene. The videotape was made by an officer as he walked through the store immediately after the burglary.

■ The record on appeal is confined to that which is abstracted, and failure to abstract a critical issue precludes this court from considering the issue on appeal. *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994). The appellant in this instance

has failed to suggest what parts, if any, of the videotape are prejudicial to him. He has also failed to suggest how the tape might be prejudicial other than to declare that prejudice is apparent from the sentence meted out to appellant. Even so, it is appellant's burden to produce a record exhibiting prejudicial error, and he has failed to do so. *Haynes* v. *State,* 314 Ark. 354, 862 S.W.2d 275 (1993). Not only is the tape not abstracted, it is also not included in the record. Any argument challenging the admission of the videotape is therefore procedurally barred due to appellant's failure to include it in the abstract or record on appeal.

■ Appellant finally argues that the trial court erred in allowing police witnesses to remain in the courtroom after testifying. Appellant's counsel requested a bench conference to relay to the court that defendant did not want two officers who had already testified to remain in the courtroom. Counsel went on to state that he had explained to appellant that since the officers had been excused, they could remain in the courtroom as spectators, and that he wanted to "put this on the record that that (the officers' presence) disturbs him." The trial court agreed with appellant's counsel that the public had a right to be in the courtroom, stating, "Well, your advice was correct." The State then asked that the record reflect that the officers were in the spectator section and not in the bar area. Here, counsel merely informed the court of the appellant's displeasure with the officers' presence and with his advice. This colloquy does not amount to an objection, and is thus not a matter that we can address on appeal. *See Williams, supra; Taylor, supra.*

Affirmed.