Carey Wayne ALEXANDER *v.* STATE of Arkansas

CA CR 94-1299 934 S.W.2d 927

Court of Appeals of Arkansas
En Banc
Opinion delivered November 20, 1996

Appellant, *pro se*, and *Maxie G. Kizer, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is a no-merit appeal, and this is the second time it has been submitted. As a result of the first submission, we issued an unpublished opinion, handed down December 13, 1995, finding that appellant's appointed counsel had failed to abstract two of the appellant's motions and the adverse rulings thereon, and had failed to offer any explanation as to why the rulings did not present arguable grounds for reversal. Therefore, counsel's motion to withdraw was denied, and he was directed to comply with the requirements of Arkansas Supreme Court and Court of Appeals Rule 4-3(j) by filing a proper abstract and brief in support of his motion.

Counsel filed a supplemental abstract and brief on January 8, 1996; the appellant filed a pro se brief on February 26, 1996; and the State filed a supplemental abstract and brief on March 25, 1996. The case is now before us for the second time.

In the appellant's supplemental brief, counsel abstracts the motions for a directed verdict, made at the close of the prosecution's case and at the conclusion of the appellant's case, which were based upon the contention that the evidence was not sufficient to support appellant's conviction.

Then, apparently thinking that the abstract of the evidence in his original brief was still before the court, counsel repeated the same argument made in his original brief. After thoroughly discussing the evidence and citing the applicable law, counsel stated that "it cannot be said" that the trial court erred in denying the motions for a directed verdict. The appellant argues, in his pro se brief, that

the evidence is insufficient to support his conviction and also contends that he was denied his right to effective assistance of counsel and to due process.

The State argues that the appellant cannot contend on appeal that the evidence is not sufficient to support his conviction because this issue was not raised at trial by proper motions for directed verdict. In its brief, the State supplemented the abstract in the brief filed for the appellant by his counsel to show that at the start of the trial the appellant himself told the Court that he wanted an "exchange of attorney" and had a letter from an attorney saying he would take the case for $500. The judge told appellant that this should have been made known "before now," but if someone shows up and presents his credentials, "I'll certainly consider it. But, otherwise, we're going to proceed on with trial." There is nothing in the record to show that another attorney showed up, and the appellant's pro se brief does not contend that one appeared.

In *Anders* v. *California*, 386 U.S. 738 (1967), the Supreme Court held that in no-merit appeals the appellate court, after receiving counsel's brief referring to anything in the record that might arguably support an appeal and after allowing the appellant to raise any points he chooses, should decide, after a full examination of all the proceedings, whether the case is "wholly frivolous." 386 U.S. at 744. Although the appellant's counsel states that there is no merit to the appellant's contention that the evidence is insufficient, and the State does not argue the point because it contends the point was not preserved at trial, from the discussion of the evidence in the appellant's pro se brief, and in the brief of his counsel, it seems clear that the evidence is sufficient. Moreover, we have the record before us and from all of the matters before us we now set out a brief summary of the evidence.

The appellant was convicted of commercial burglary committed by unlawfully entering a building to commit a crime therein. At the trial, Officer McVay testified that on March 4, 1994, shortly after midnight, he and another officer were dispatched to a grocery store and beauty shop to investigate sounds (as if someone was tearing a door down) that sounded like a burglary. McVay said that when he arrived he saw a cash register drawer on the ground in the area between the store and the shop, and the appellant was sitting behind the drawer counting money. A screwdriver and pair of gloves were lying beside the drawer.

Officer McVay asked appellant what he was doing; appellant said, "Nothing"; McVay said appellant was under arrest; and appellant stood up and put the money into his pocket. A scuffle ensued, and appellant was arrested. The officers found the point of entry into the store, an old doorway that had been boarded up, on the south side of the building. The officers entered the store, discovered the cash drawer missing, searched the building, and found no one inside.

Jessie Nelson testified that he is the owner of the grocery store, and on the night of March 4, 1994, he got a call from the police department and immediately went to his store. He identified the cash drawer and the money that came out of it, and he told the officers how much money was in the drawer. He said he did not know the man the officers had in custody, and he could not be certain that the defendant in the courtroom was the same man.

Two witnesses who worked at the University of Arkansas at Pine Bluff testified that on March 4, 1994, the appellant was employed there, and his hours were from two in the afternoon to 10 at night. The appellant testified that he left work at 10 p.m. after stripping and waxing a floor. He said he had a screwdriver with him to repair the buffer. Appellant said that after leaving work he went to a convenience store, a pool hall/beer joint about one block from where the robbery was committed, back to the convenience store, and then to his home, which was right across the street from the grocery store that was broken into. Later, he returned to the UAPB campus to make a telephone call, and while he was walking back to his home he heard dogs barking behind the grocery store. He said he peeped through the alley trying to see what was happening and, while he was walking, Officer McVay stopped him and accused him of the breaking into the store. Appellant said he did not "break" into the store.

In resolving the question of the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the decision of the trier of fact. *Ryan v. State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Williams v. State*, 298 Ark. 484, 768 S.W.2d 539 (1989); *Ryan, supra.* The fact that evidence is

circumstantial does not render it insubstantial. *Small* v. *State*, 5 Ark. App. 87, 632 S.W.2d 448 (1982). The jury is not required to believe the testimony of a criminal defendant, who is probably the person most interested in the outcome of the proceeding. *Zones* v. *State*, 287 Ark. 483, 702 S.W.2d 1 (1985).

■ Arkansas Code Annotated § 5-39-201(b)(1) (Repl. 1993) provides that a person commits commercial burglary if he enters or remains unlawfully in a commercial occupiable structure of another with the purpose of committing therein any offense punishable by imprisonment. We think the officer's testimony that appellant was found shortly after midnight with a cash drawer from a grocery store that had been broken into; that a screwdriver was found near the drawer; and that appellant put money from the drawer in his pocket is sufficient to support appellant's conviction.

■■ In regard to the appellant's pro se motion made in open court for "an exchange of attorney," we note that appellant initially made this request in a written pro se motion for continuance filed three days prior to trial. That motion was not acted upon prior to trial, but the same issue was presented by the oral pro se motion made at the beginning of the trial. The State argues that to grant appellant's request would require a continuance and that the court did not err in its ruling. We agree. The refusal to grant a continuance in order for the defendant to change attorneys rests within the sound discretion of the trial judge, and his decision will not be overturned absent a showing of abuse; the burden of showing such abuse rests on the shoulders of the appellant. *Edwards* v. *State*, 321 Ark. 610, 906 S.W.2d 310 (1995). Moreover, the right to counsel of one's choice is not absolute; if change of counsel would require postponement of trial because of inadequate time for a new attorney to properly prepare a defendant's case, the court may consider, in granting or denying the change, such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to the defendant. *Leggins* v. *State*, 271 Ark. 616, 609 S.W.2d 76 (1980).

Here, the court noted that appellant should have made his request sooner; that trial was starting; and that if someone else showed up and properly presented his credentials to the court, the court would consider it. No one showed up; appellant did not reveal the name of any other attorney; and appellant did not state

that he had the money required to pay the unnamed attorney "who would take his case for $500."

Under the circumstances, we think it is clear that the trial court did not abuse its discretion in refusing to grant the appellant's motion for continuance or his request for new counsel.

In regard to appellant's pro se argument that his counsel was ineffective, we do not consider ineffective assistance of counsel as a point on direct appeal unless that issue has been considered by the trial court. *Edwards* v. *State, supra.* Even constitutional arguments cannot be raised for the first time on appeal. *See Wetherington* v. *State,* 319 Ark. 37, 42, 889 S.W.2d 34, 37 (1994). And, as the State notes in its brief, if the appellant should wish to raise an ineffective-assistance-of-counsel claim, he may do so in a petition pursuant to Arkansas Rule of Criminal Procedure 37. *See, e.g. Missildine* v. *State,* 314 Ark. 500, 863 S.W.2d 813 (1993).

Appellant has also argued that he was denied his constitutional right to due process because the trial court denied his motion for a continuance. However, as we have already held, no reversible error was committed in regard to that matter; therefore, the appellant has not been denied due process in that regard.

From our review of the record and the briefs presented to this court, even though appellant's counsel has not fully corrected the deficiencies of his first brief, it is clear from all the matters before us that the appellant's judgment of conviction should be affirmed. Therefore, in the language of *Anders* v. *California, supra,* we have been induced "to pursue all the more vigorously" our own review, and we have not been left with only the aid furnished by counsel's no-merit letter. *See* 386 U.S. at 745. And we have done what *Anders* requires — determined that this appeal is "wholly frivolous."

The judgment appealed from is affirmed, and counsel's motion to be relieved is granted.

Affirmed.

JENNINGS, C.J., and ROBBINS and STROUD, JJ., agree.

PITTMAN and ROGERS, JJ., dissent.

JOHN MAUZY PITTMAN, Judge. This is the second time that this no-merit criminal appeal has been before us. In our initial opinion, we denied counsel's motion to be relieved because he failed to

abstract or discuss two motions in which appellant requested appointment of a new attorney. We held that, because of these omissions, counsel's abstract and brief failed to meet the requirements of Ark. R. Sup. Ct. 4-3(j). Consequently, we denied counsel's motion to be relieved and directed him to file a proper abstract and brief. *See Alexander v. State*, CACR94-1299 (unpub. op. del. December 13, 1995). Although counsel has now filed a supplemental abstract and brief, he has again failed to discuss the appellant's motions requesting a new attorney. Despite counsel's continued failure to address these motions, the majority has deemed the appeal frivolous and affirmed appellant's conviction. I believe that the majority has overstepped its authority in doing so, and I respectfully dissent.

Pursuant to the doctrine of law of the case, the decision in a first appeal becomes the law of the case on a second appeal and is conclusive of every question of law or fact decided in the former appeal. *Mercantile First National Bank v. Lee*, 31 Ark. App. 169, 790 S.W.2d 916 (1990). When this case was first submitted, we held that the omissions in counsel's abstract and brief rendered them deficient under Ark. R. Sup. Ct. 4-3(j). These deficiencies were not cured in the supplemental abstract and brief submitted by counsel in the present appeal, yet the majority has granted counsel's motion to be relieved. This is contrary to Rule 4-3(j) and contrary to the doctrine of the law of the case.

Perhaps the majority believes that, because members of this court have examined the record scrupulously and found no error, Rule 4-3(j) need not be complied with. I strongly disagree. Rule 4-3(j) is derived from *Anders v. California*, 386 U.S. 738 (1967), where the Supreme Court struck down a similar procedure, holding that "[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client." 386 U.S. at 744. The majority in the case before us has not preserved for appellant the essential right guaranteed by *Anders, i.e.*, that of counsel acting in the role of an advocate. Although the majority may believe that its own inspection of the record is an adequate substitute for an active advocate, it is precisely this confusion of roles that the *Anders* Court sought to rectify. Ours is an adversary system of criminal justice, 386 U.S. at 742, and in order to function properly, attorneys must act as advocates, and judges must remain judges. The net effect of our decision today has been to deny appellant his right to counsel

on appeal, and I dissent.

ROGERS, J., joins in this dissent.