Michaelangelo REYNOLDS *v.* STATE of Arkansas

CA CR 99-392                                        4 S.W.3d 508

Court of Appeals of Arkansas
Division IV
Opnion delivered November 17, 1999

*Steven M. Harper*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Michaelangelo Reynolds appeals his conviction after a jury trial of delivery of a controlled substance, crack cocaine, for which he received a twenty-five-year prison sentence. He appeals an evidentiary ruling that permitted the jury to hear a tape recording made while secretly attached to a confidential informant wherein appellant was asked to go to a neighbor's house to retrieve crack cocaine for the informant. Because appellant has not brought up a record sufficient to demonstrate error, we affirm.

A brief recitation of the facts follows. A confidential informant, who had pending misdemeanor charges, agreed to work for the police in efforts to apprehend drug dealers in Conway, Arkansas, in exchange for leniency or dismissal of his charges. A microphone was attached to him, and he was given $500 to purchase drugs. Police observed him ride his bicycle into a trailer park and enter the trailer belonging to appellant. Shortly thereafter, appellant exited the trailer, went two trailers over, entered the trailer of a man suspected of dealing crack cocaine, soon exited, and returned to his own trailer. The confidential informant then exited appellant's trailer, met with the police, and turned over a large rock of crack cocaine that weighed 3.4 grams and the $300 that had not been expended for drugs. All of this information came out in the testimony of the police officers, the chemist, and the confidential informant.

An audiotape of this drug deal was made, and over the appellant's objection to its poor quality, it was admitted into evidence as State's Exhibit #1 and played for the jury. The State admitted that there were some portions that were inaudible, but maintained that the tape was helpful because it corroborated the timing of the drug deal and because the audible portion was consistent with the testimony presented on behalf of the State. However, appellant did not abstract the audible portions of the tape, nor did he attach copies of this tape to the briefs submitted to us. Furthermore, the original tape is not included in the record filed with the Clerk of the Supreme Court. The record reflects the following:

## STATE'S EXHIBIT NO. 1

*(Audio Tape)*

Appellant argues on appeal that it was error for the trial court to admit this audiotape into evidence for the jury to consider because its quality is so poor that it was untrustworthy and because the State did not lay a proper foundation for its admittance. As to appellant's foundation argument, it was not raised in the trial court and, therefore, is not preserved for our review. In order to preserve an argument for appellate review, it must be raised below. *See Reams v. State*, 322 Ark. 336, 909 S.W.2d 324 (1995). Additionally, we cannot reach the merits of appellant's other arguments concerning the audiotape because we do not have the tape to review. The record on appeal is confined to that which is abstracted, and failure to abstract a critical matter precludes this court from considering the issue on appeal. *Edwards v. State*, 321 Ark. 610, 906 S.W.2d 310 (1995). It is impossible for this court to review the contents of the tape in order to determine whether the trial court abused its discretion. *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997). Despite the questionable quality, what can be abstracted of the audiotape should be abstracted because the tape was played to the jury, and the contents of the tape comprise the sole subject of appeal. *See Hodge v. State*, 329 Ark. 57, 945 S.W.2d 384 (1997); *see also* Ark. R. Sup. Ct. 4-2(a)(6). Only if the statement is completely incomprehensible should abstracting be deferred, and then only by leave of the appellate court upon motion by appellant. *Hodge, supra*; Ark. R. Sup. Ct. 4-2(a)(6). Because appellant has not demonstrated that the trial court committed reversible error, we affirm his conviction. *See McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997).

Affirmed.

JENNINGS and STROUD, JJ., agree.