Cite as 2020 Ark. App. 191

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-498

| | |
|---|---|
| DONALD BAUGH | **Opinion Delivered:** March 18, 2020 |
| APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-18-70] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JERRY RYAN, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

A Polk County Circuit Court jury convicted appellant Donald M. Baugh of the offenses of leaving the scene of an accident, battery in the second degree, and criminal mischief in the first degree. He was sentenced to fifteen years for leaving the scene of an accident, fifteen years for second-degree battery, and thirty years for first-degree criminal mischief. The jury recommended that the sentences run consecutively; the circuit court followed that recommendation. Baugh's sole point on appeal is that the circuit court abused its discretion when it denied his motion for a continuance after allowing a substitution of counsel less than ten days before trial.[1] We affirm.

Baugh makes no challenge to the sufficiency of the evidence to support the verdicts; therefore, only a brief recitation of the facts is necessary. On April 14, 2018, Tonya

---

[1]Our supreme court granted Baugh's motion for rule on the clerk on August 1, 2019, and filed the record in this court.

Boydstun was driving behind a white Dodge Dakota truck that was being driven erratically. Boydstun could see the truck's driver, later identified as Baugh, strike the passenger inside the truck. According to Boydstun, Baugh would strike his passenger, gun the truck and speed off, and then brake quickly. She called 911 to report what she was witnessing and honked her horn in an attempt to draw attention to the situation and to make Baugh stop. When she began honking, Baugh turned around and "flipped" her off. Baugh pulled over; Boydstun continued to go straight; and then Baugh pulled in behind her. As Boydstun attempted to turn into a parking lot, Baugh intentionally rammed her vehicle with his truck. He got out of his truck and headed toward her but was distracted and began to follow his passenger when she exited his truck and walked away. According to Boydstun, who suffered shoulder injuries as a result of the wreck, Baugh made no effort to render aid to her or to exchange any information with her after the wreck.

When reviewing the grant or denial of a motion for continuance, the appellate court employs an abuse-of-discretion standard. *Whisenant v. State*, 85 Ark. App. 111, 146 S.W.3d 359 (2004). An appellant must not only demonstrate that the circuit court abused its discretion by denying the motion but must also show prejudice that amounts to a denial of justice. *Id.*

During Baugh's April 18, 2018 arraignment, the circuit court entered "not guilty" pleas on Baugh's behalf and asked Baugh if he was going to hire his own attorney. Baugh replied he would if he could "come up with the money." Formal arraignment was set for May 4, pretrial hearing for July 18, and a jury trial for August 2; Baugh was also ordered to appear on May 14 for an attorney-status report.

2

Baugh appeared in court on May 14 and told the circuit court he was "close" to securing an attorney, and he would do so after his next paycheck the following Friday. The case was continued until June 6 for an attorney-status report and remained set for jury trial on August 2.

On June 6, Baugh informed the circuit court he was working at an auto-repair center, but he was also on disability and unable to work on a full-time basis. When asked if he was able to hire his own attorney, Baugh stated that every time he got close, "something happens." The circuit court asked if Baugh wanted it to appoint a public defender, as he qualified for one, and Baugh said he wanted a public defender. The circuit court signed an order appointing the public defender's office to represent Baugh on June 7; the order was filed on June 11.

On August 1, the circuit court entered an order continuing the pretrial hearing until August 15 and the jury trial to August 23. At the August 15 pretrial hearing, attorney Bob Keeter entered his appearance as Baugh's attorney. When the circuit court informed Keeter that Baugh's trial was set for the next Thursday on August 23, Keeter said that he understood and that he had received partial discovery from the public defender's office. Nevertheless, Keeter noted that the circuit court had an open trial date on September 13 and requested that Baugh's trial be reset for that date, with a pretrial date of September 10. The State objected, arguing Keeter knew the trial date when he took the case. Keeter agreed he knew the case was set for August 23 but contended that no harm would result from resetting the case for less than a month out. The circuit court pointed out that Baugh had waited until the eleventh hour to retain counsel—with which Keeter also agreed—and that subpoenas

3

had also been issued for the August 23 trial date. The circuit court denied Baugh's request to continue the trial setting, stating Keeter was aware of the trial date when he entered his appearance, and the trial would occur as previously scheduled.

Baugh cites *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998), in support of his argument that the circuit court erred in refusing to grant him a continuance. *Greene*, however, is factually distinguishable from the present case. *Greene* was a death–penalty case that had been affirmed by the supreme court (*Greene v. State*, 317 Ark. 350, 878 S.W.2d 384 (1994)), but the death sentence was set aside, and the case was remanded for resentencing. Greene had hired and fired several attorneys. His attorney was appointed on January 31, 1996, with the resentencing hearing set for February 26. Counsel filed a motion for continuance on February 13 having determined the case was complicated and would involve protracted preparation, including not only matters from the prior trial but also issues anticipated in the current resentencing trial. Our supreme court held in *Greene* that, while not a full-blown capital-murder trial, there was a voluminous record to be reviewed in order to ensure Greene had the full benefit of counsel in a life-or-death proceeding, and once the change in counsel was allowed, it was an abuse of discretion to permit counsel less than a month to prepare, especially when he had not received all of the record eleven days before the proceeding.

Here, the facts of the case are rather straightforward. Baugh was accused of intentionally hitting Boydstun's vehicle with his truck and leaving the scene of the accident. Unlike *Greene*, this was not a retrial after remand on appeal, and it was not a complex life-or-death case.

4

When a motion for continuance is based on a lack of time to prepare, the totality of the circumstances will be considered. *Ware v. State*, 348 Ark. 181, 75 S.W.3d 165 (2002). A lack of diligence alone is a sufficient basis to deny a motion for a continuance. *Id.* Rule 27.3 of the Arkansas Rules of Criminal Procedure provides, "The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." Once competent counsel is obtained, "any request for a change must be considered in the context of the public's interest in a reasonably prompt and competent disposition of justice." *Leggins v. State*, 271 Ark. 616, 618, 609 S.W.2d 76, 78 (1980). If a change of counsel would require a trial to be postponed due to inadequate time for new counsel to prepare for trial, "in denying or granting the change, the court may consider such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to defendant." *Id.* at 619, 609 S.W.2d at 78.

Here, Keeter entered his appearance on August 15. He was aware Baugh's case was set for trial eight days later. Baugh was already represented by the public defender's office. Keeter did not condition his entry of appearance on the grant of a continuance; rather, he simply pointed out that the circuit court had an open date approximately one month later and requested a continuance until that time.

Furthermore, Baugh has failed to show how he was prejudiced by the denial of the continuance. Eight days before trial, at the pretrial hearing, Keeter stated he had received

5

partial discovery from the public defender's office and was working on getting all of the file. However, counsel did not expound on how much of the file he had already obtained or how much he still lacked. Baugh did not specify what else he would have done if given more time in this case or explain why he needed more time to prepare a defense. In fact, there was one primary witness, Tonya Boydstun, and Baugh presented no defense at trial. Based upon the totality of the circumstances, we cannot say the circuit court abused its discretion in denying Baugh's request for a continuance.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Watson and Watson, PLLC*, by: *Benjamin K. Knuckles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.